1  LAW OFFICE OF ERIC I. MICHELMAN
   Eric I. Michelman, Bar No. 145017
2  2301 Dupont Drive, Suite 530
   Irvine, CA 92612
3  Telephone: (949) 553-1800
   Facsimile: (949) 553-1880
4  email: ericmichelman@lawfirmofbusiness.com

5  Attorney for Plaintiff
   A WALL STREET FUND I, LTD.,
6  a Florida limited partnership

7

FILED

08 JUN 12 AM 10: 19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE SOUTHER DISTRICT OF CALIFORNIA

10

11  A WALL STREET FUND I, LTD.,          )  Case No. '08 CV 1042 J JMA
12  a Florida limited partnership          )
                                           )
13                    Plaintiff,           )  COMPLAINT
                                           )
14                                         )  [DEMAND FOR JURY TRIAL]
                                           )
15      vs.                                )  (1)   RECISSION OF CONTRACT
                                           )        DUE TO FRAUD
16  NEW WORLD CAPITAL CURRENCY             )
    FUND, L.P., a Delaware limited partnership, )  (2)   SECURITIES FRAUD- 15 USC §78j
17  NEW WORLD CAPITAL EQUITY FUND,         )
    L.P., a Delaware limited partnership,  )  (3)   CONTROLLING PERSON LIABILITY
18  NEW WORLD CAPITAL MANAGEMENT,          )        15 USC §78t
    LLC, a Delaware limited liability      )
19  company, GREGORY DURAN, an individual; )  (4)   SECURITIES FRAUD - VIOLATION
    and DOES 1-10;                         )        OF CALIFORNIA CORPORATE
20                                         )        SECURITIES LAW SECTION 25401
                      Defendants.          )        (25501)
21                                         )
                                           )  (5)   SECURITIES FRAUD -
22  _____  )        CONTROLLING PERSONS LIABILITY
23                                                  PURSUANT TO CALIFORNIA
                                                    CORPORATE SECURITIES LAW
24                                                  SECTION 25504

25                                             (6)   SECURITIES FRAUD - AIDING AND
26                                                   ABETTING LIABILITY PURSUANT
                                                     TO CALIFORNIA CORPORATE
27                                                   SECURITIES LAW SECTION 25504.1

28                                             (7)   BREACH OF FIDUCIARY DUTY

                                               (8)   CONSTRUCTIVE FRAUD

                                 1

(9)    **BREACH OF CONTRACT**

(10)    **NEGLIGENCE**

(11)    **NEGLIGENT MISREPRESENTATION**

(12)    **CONVERSION**

## INTRODUCTION

1.    This is an action based upon the sudden and massive loss of an investor's entire investment in two purported hedge funds.  This case seeks the recovery of moneys allegedly negligently handled and otherwise converted by one or more of the defendants, including the individual named defendant, and who made material misrepresentations regarding historical performance of the hedge funds and disregarded all due care and fiduciary duties owed to the Plaintiff investor.  Defendants also subsequently made false and misleading statements in the attempt to cover-up the deception.

2.    Based upon the improper conduct of the Defendants, the Plaintiff seeks the remedies of rescission of its investments, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

3.    This Court has original subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1332, as the parties are diverse citizens and the amount in controversy exceeds $75,000.00.

4.    This action is also based on federal securities violations and pendant state law causes of action.   Since this case involves questions of federal law, this Court has jurisdiction over this case pursuant to 28 U.S.C. §1331;

5.    Venue lies in this district by virtue of Title 28, U.S.C. Section 1391(b)(2)  in that a substantial part of the events giving rise to the claims occurred in the Southern District of California.

///

**COMPLAINT**

**THE PARTIES**

6.    A Wall Street Fund I, Ltd., is, and at all times herein mentioned was, a Florida limited partnership, with its principal place of business in San Diego, California ("Plaintiff").

7.    Defendant NEW WORLD CAPITAL CURRENCY FUND, L.P., ("CURRENCY FUND"), is and at all times relevant hereto was, a limited partnership organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in Santa Fe, New Mexico.

8.    Defendant NEW WORLD CAPITAL EQUITY FUND, L.P., ("EQUITY FUND"), is, and at all times relevant hereto was, a limited partnership organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in Santa Fe, New Mexico.

9.    Defendant NEW WORLD CAPITAL MANAGEMENT, LLC, ("CAPITAL MANAGEMENT"), is and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in Santa Fe, New Mexico.

10.    Defendant CAPITAL MANAGEMENT is, and at all times herein was the general partner of each of CURRENCY FUND and EQUITY FUND.

11.    Defendants CURRENCY FUND and EQUITY FUND are hereinafter collectively referred to as the "NEW WORLD HEDGE FUNDS".

12.    Defendant GREGORY DURAN, is an individual, and on information and belief is, and at all times relevant hereto was, residing in the State of New Mexico.

13.    Defendant GREGORY DURAN, is, and at all times relevant hereto was, the Chief Executive Officer of CAPITAL MANAGEMENT.

14.    Defendants CAPITAL MANAGEMENT, the NEW WORLD HEDGE FUNDS and GREGORY DURAN and Does 1-10 are hereinafter collectively referred to as the "NEW WORLD DEFENDANTS".

15.    Plaintiff is unaware of the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of defendant Does 1 through 10 and has

3

**COMPLAINT**

1  therefore named said defendants by the foregoing fictitious names.  Each fictitiously named

2  Defendant is legally responsible in some manner and to some degree for the acts alleged

3  herein, and has proximately caused or contributed to the injuries and damages alleged herein.

4  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of

5  such fictitiously named defendants when the same have been ascertained.

6       16.    Plaintiff is informed and believes and thereon alleges that in committing the

7  acts and failing to act as herein alleged, Defendants, and each of them, were the agents,

8  servants, joint venturers and/or employees of each other and that, at all relevant times, each

9  such Defendant was acting within the course and scope of said agency, joint venture and

10 employment.  Each Defendant authorized and ratified the acts of the remaining Defendants

11 and of their agents, servants, joint venturers and employees.

12      17.    Plaintiff is informed and believes and thereon alleges that at all times herein

13 mentioned, Defendants, and each of them, were and remain the alter-egos of each other; that

14 said Defendants did and still do dominate, influence and control each other; that there existed

15 and still exists a unity of ownership between them; that the individuality and separateness of

16 each entity Defendant was and remains non-existent; that each such entity was and remains a

17 mere shell and naked framework which the other Defendants used and still use to conduct

18 their business affairs; that each such entity is and remains inadequately capitalized; and that

19 an injustice and fraud upon Plaintiff will result if the theoretical separateness of such

20 Defendants is not disregarded and each such Defendant held liable for all relief being sought

21 herein.

22

23                              **GENERAL ALLEGATIONS**

24      18.    In or about the Fall of 2007, Plaintiff, acting by and through Thomas G.

25 Buckley, its general partner ("Buckley"), investigated investment opportunities.

26      19.    Plaintiff first learned of the CURRENCY FUND and EQUITY FUND through

27 Hedgefund.net, an internet based web site.

28      20.    Plaintiff reviewed and analyzed the historical performance, investment

1  economics and summary information regarding the NEW WORLD HEDGE FUNDS which

2  was posted on Hedgefund.net.

3       21.    On information and belief, the information posted on Hedgefund.net was

4  provided to Hedgefund.net by the Defendants.

5       22.    The historical performance information indicated, among other information,

6  that the EQUITY FUND was in existence since January, 2003 and had generated annual

7  returns of 65.36% for 2003,  63.79% for 2004, 45.56% for 2005, 78.15% for 2006 and

8  approximately 59% for the 10 months ending October, 2007.

9       23.    The historical performance information for the CURRENCY FUND indicated,

10 among other information, that the CURRENCY FUND was in existence for more than three

11 years, and had generated total returns of approximately 570% , and annual returns of 36.37%

12 for 2005,  64.48% for 2006, and approximately 191% for the 10 months ending October,

13 2007.

14      24.    The investment economics and summary information regarding the NEW

15 CURRENCY FUND described the investment strategy to include, among other items, that

16 "no more than 3% percent of capital allocated per idea with 3:1 risk to reward ratio with 1.1.

17 to 4.1 leverage....No more than 3% percent of capital risked per trade with 100:1 leverage

18 with 3:1 risk to reward ratio."

19      25.    Plaintiff further investigated the CURRENCY FUND and EQUITY FUND via

20 telephone conversation between Buckley and Defendant Duran in or about November, 2007.

21 Defendant Duran identified himself as the fund manager for the NEW WORLD HEDGE

22 FUNDS.

23      26.    Pursuant to a number of subsequent telephone conversations and e-mails during

24 November, 2007, between Buckley on behalf of Plaintiff, while at the Plaintiff's office in

25 San Diego County, California, and Defendant Duran and other personnel in Santa Fe, New

26 Mexico, Plaintiff was provided with a variety of written and oral information regarding the

27 NEW WORLD HEDGE FUNDS.

28      27.    The written information provided to Plaintiff included two Confidential

**COMPLAINT**

1  Offering Memoranda, one for the CURRENCY FUND, and a second for the EQUITY

2  FUND (the "Offering Memoranda").

3      28.    The Offering Memoranda provided that the Plaintiff's funds would, among

4  other things,:

5      (i)    be pooled with funds from other investors separately in each of the EQUITY

6  FUND and the CURRENCY FUND;

7      (ii)    be deposited in segregated accounts for each of the EQUITY FUND and the

8  CURRENCY FUND;

9      (iii)    with respect to the EQUITY FUND, be used to achieve positive absolute

10  returns while preserving principal and avoiding excess risk;

11      (iv)    with respect to the EQUITY FUND, be invested with such pooled funds in "8

12  to 33 positions depending on market conditions...";

13      (v)    with respect to the EQUITY FUND, be limited to no more than 10-20% to be

14  used as collateral in connection with selling securities short;

15      (vi)    be accounted for and valued on the last day of a fiscal quarter, including but not

16  limited to December 31, 2007 and March 31, 2008;

17      (vii)    be subject to audit as part of the audited financial statements of each of the

18  NEW WORLD HEDGE FUNDS, to be delivered to Plaintiff annually;

19      (viii)    be part of the quarterly financial statement of each of the NEW WORLD

20  HEDGE FUNDS to be delivered to the Plaintiff quarterly;

21      (ix)    be the subject of monthly Performance and Capital Summary Reports and

22  Partner Interest Appraisal Reports each of which was to be delivered to the Plaintiff.

23      29.    Plaintiff made its investments in the CURRENCY FUND and the EQUITY

24  FUND on or about November 30, 2007 by wiring $750,000 to Account No. 004390119034

25  at Bank of America , 2308 Cerrillos, Santa Fe, New Mexico 87505, designating that

26  $500,000 be invested in the CURRENCY FUND and $250,000 be invested in the EQUITY

27  FUND.

28      30.    As a result of making the investments and subscribing to become a limited

**COMPLAINT**

1    partner, Plaintiff became a limited partner of each of the CURRENCY FUND and the

2    EQUITY FUND on or about December 1, 2007.

3        31.    From and after December 1, 2007, Plaintiff never received any report

4    indicating the value of its investments, or the gain or loss of its investment, other than an

5    informal email on December 27, 2007 which stated in part, "The returns for December have

6    been good, considerably....The equity portfolio could manage around a 2.5%+- return.....In

7    terms of the currency side, we should have a 1.23%+- return."

8        32.    From and after December 1, 2007, Plaintiff never received any report

9    indicating the nature or amount of the underlying assets in which its funds were invested in

10   the CURRENCY FUND or the EQUITY FUND other than an informal email on January 23,

11   2008 email which is described in Paragraphs 35 and 36 hereinbelow.

12       33.    From and after December 1, 2007, Plaintiff never received any report

13   indicating the liquidity of its investments.

14       34.    From and after December 1, 2007, Plaintiff never received any report

15   indicating the location of any financial institution which held the investments of the

16   CURRENCY FUND or the EQUITY FUND.

17       35.    On or about January 23, 2008, Defendant Duran sent an e-mail to Plaintiff (the

18   "January 23, 2008 email") which responded to an email from  Plaintiff, the latter of which

19   inquired as to the status of the December, 2007 returns on Plaintiff's investments.

20       36.    Defendant Duran's January 23, 2008 email stated that "for the last month and a

21   half, we have owned only one position.  PSQ, which is short the tech laden QQQ."

22       37.    In fact, at  December 1, 2007, the PSQ had a value of approximately $54.06 per

23   share.

24       38.    In fact, at January 23, 2008 the PSQ had a value of $63.00 per share.

25       39.    In fact, during the period December 1, 2007 through December 31, the PSQ

26   never traded below $51.94, and from and after January 1, 2008 through April, 2008 and all

27   times thereafter which is relevant hereto, the PSQ traded above $54.06.

28       40.    On or about February 21, 2008, Plaintiff delivered to the Defendants a written

**COMPLAINT**

1    request for a full redemption of its investment in the EQUITY FUND.

2         41.    On or about March 7, 2008, Defendant Duran sent an email to Plaintiff stating

3    that "We will be sending those funds at the end of next week".

4         42.    On or about March 15, 2008 Defendant Duran sent another email to Plaintiff

5    stating, in part, "We felt it is best for our clients and the timing of the funds closing, to be on

6    our ending of our fiscal quarter, which is the end of March, at which time assets from the

7    fund will be dispersed or converted to the currency fund."

8         43.    At or about March 31, 2008, and all times prior and thereafter,  Plaintiff never

9    received any funds from any of the NEW WORLD DEFENDANTS with respect to

10   Plaintiff's investment in the NEW WORLD HEDGE FUNDS or otherwise.

11        44.    On or about April 11, 2008, Plaintiff received a letter from CAPITAL

12   MANAGEMENT, a copy of which is attached hereto as **Exhibit "A"** (the "April 11, 2008

13   Letter") which states as its first sentence: "Trading losses have rendered New World Capital

14   Currency Fund, LP and New World Capital Equity Fund LP insolvent."

15        45.    The April 11, 2008 Letter also stated: "Also, we want to apologize for not

16   speaking with you directly and ask that you forgive the fact that our first communication is

17   this letter".

18        46.    At no time has  Plaintiff received any tax information relating to its partnership

19   interests in EQUITY FUND or CURRENCY FUND.

20        47.    To date, Plaintiff has never received any accounting of his invested funds with

21   any of the NEW WORLD DEFENDANTS other than a purported performance posting on

22   hedgefund.net.

23        48.    The NEW WORLD DEFENDANTS and Defendant Duran failed to disclose in

24   the  March 7, 2008 email and in the March 15, 2008 email or in any other correspondence the

25   purported losses and/or value of the NEW WORLD HEDGE FUNDS, and thereby induced

26   the Plaintiff to not seek earlier redemption of its investments in the NEW WORLD HEDGE

27   FUNDS.

28        49.    Unbeknownst to Plaintiff, and notwithstanding the five and three year historical

**COMPLAINT**

1 performance information provided by, and for, each of the NEW WORLD HEDGE FUNDS,

2 respectively (as described in Paras. 22 and 23 above), according to the records of the

3 Delaware Secretary of State, the date of organization of the EQUITY FUND was July 10,

4 2007, the date of organization of the CURRENCY FUND was September 19, 2007, and the

5 date of organization of the CAPITAL MANAGEMENT was July 31, 2007, all such dates

6 being within five (5) months of Plaintiff's investment in the NEW WORLD HEDGE

7 FUNDS.

8

9                          **FIRST CAUSE OF ACTION**

10                      (As against all Defendants and DOES 1-10)

11                      **Fraudulent Inducement and Rescission**

12

13        50.    Plaintiff hereby repeats and religious each and every allegation contained in

14 Paragraphs 1 through 49 of this Complaint and incorporates them herein as though fully set

15 forth herein.

16        51.    Prior to the Plaintiff investing in the NEW WORLD HEDGE FUNDS, and

17 with the intent to induce Plaintiff to make such investments, The NEW WORLD

18 DEFENDANTS knowingly made certain false material representations to the Plaintiff

19 including those set forth in Paragraphs 22 through 24, and 28 above regarding the historical

20 returns on invested capital in the three and five years prior to the creation of the NEW

21 WORLD HEDGE FUNDS, the investment strategy of the NEW WORLD HEDGE FUNDS

22 and the making of periodic reports of the performance of the NEW WORLD HEDGE

23 FUNDS investment returns and values. Each NEW WORLD HEDGE FUND Defendant

24 knew, or reasonably should have known, that such representations were false.

25        52.    Having first made selective and partial disclosures to the Plaintiff, The NEW

26 WORLD DEFENDANTS, were under a duty to make full disclosure and speak the whole

27 truth and to not partially suppress or conceal any material facts. Prior to Plaintiff's

28 investment in the NEW WORLD HEDGE FUNDS, and to induce the Plaintiff to make such

**COMPLAINT**

1 investment, the NEW WORLD DEFENDANTS concealed from Plaintiff certain material

2 facts to wit that the NEW WORLD HEDGE FUNDS were only recently organized and

3 existed for only a few months, and consequently, all historical performance information prior

4 to July, 2007 with respect to the EQUITY FUND, and September, 2007 with respect to the

5 CURRENCY FUND was fictitious.

6      53.    The NEW WORLD DEFENDANTS knowingly made those false

7 representations and concealments at the time they were made for the purpose of inducing

8 Plaintiff to invest in the NEW WORLD HEDGE FUNDS, and intended Plaintiff to rely upon

9 them.

10      54.    Plaintiff did rely on those false representations and concealments, and that

11 reliance was to Plaintiff's detriment, and that reliance was reasonable.

12      55.    As a direct and proximate result of the NEW WORLD DEFENDANTS'

13 misrepresentations and concealments, Plaintiff has been tricked and fraudulently induced into

14 purchasing the securities offered and issued by, and thereby investing in the NEW WORLD

15 Hedge Funds which Plaintiff otherwise would not have done,  thereby entitling the Plaintiff

16 to rescind the investments in the NEW WORLD HEDGE FUNDS.

17      56.    As a direct and proximate result of the NEW WORLD DEFENDANTS'

18 misrepresentations and concealments, Plaintiff has been tricked and fraudulently induced into

19 purchasing the securities offered and issued by the NEW WORLD HEDGE FUNDS which

20 Plaintiff otherwise would not have done, and from which Plaintiff has suffered special

21 damages including (i) $750,000 and (ii) interest on such sum in the amount of 10% from

22 November 31, 2007, as well as other incidental and consequential expenses and losses,

23 according to proof.

24      57.    The false representations and withholding of material information by the

25 Defendants, were oppressive, fraudulent and malicious, committed with a willful, wanton

26 and conscious disregard of the rights of Plaintiff.  Plaintiff is therefore entitled to an award of

27 exemplary damages according to proof.

28

**COMPLAINT**

**SECOND CAUSE OF ACTION**

(As against all Defendants and DOES 1-10)

**Damages Pursuant to 15 U.S.C. §78j(b) and**

**17 C.F.R. §240.10b-5**

**(Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934, as amended)**

58.    Plaintiff hereby repeats and religious each and every allegation contained in Paragraphs 1 through 57 of this Complaint and incorporates them herein as though fully set forth herein.

59.    From in or about November 2007, in Orange County, California and elsewhere, Defendants, willfully, and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce and of the mails, and of facilities of national securities exchanges, used and employed, in connection with the Plaintiff's purchase and sale of securities in the form of limited partnership interests in the NEW WORLD HEDGE FUNDS, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section240.10b-5 by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and © engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon Plaintiff.

60.    Individually and in concert, directly and indirectly, by the use of means or instrumentalities of interstate commerce, including but not limited to the telephone lines, fax lines, electronic mail transmitted through the Internet, and/or of the U.S. Mail, the Defendants engaged and participated in a continuous course of conduct with actual knowledge of the misrepresentations and omissions of material facts, or acted with reckless disregard, or deliberate recklessness, for the truth in that they failed to ascertain and to disclose such material information regarding: (i) the NEW WORLD HEDGE FUNDS were only recently organized and in existence for just a few months and could not have had five and three year historical performance track record; (ii) the historical and performance

11

**COMPLAINT**

1  information was fiction; and (iii) the use of Plaintiff's investment proceeds from investors

2  into the NEW WORLD HEDGE FUNDS.

3  61.    The Defendants course of conduct as alleged herein in this Complaint was undertaken

4  with the intent to induce the Plaintiff to purchase securities in the form of limited partnership

5  interests by investing money with the NEW WORLD DEFENDANTS with the Plaintiff's

6  expectation of financial returns from the investment of pooled funds in the securities and

7  currency markets.  In fact, the Plaintiff did invest an original aggregate amount of $750,000

8  with the NEW WORLD DEFENDANTS

9      62.    Plaintiff relied on the oral and written statements of the NEW WORLD

10  DEFENDANTS as stated in Paragraphs 22 through 24 and 28.  Plaintiff relied on the

11  misrepresentations and omissions of material facts suppressed by Defendants regarding the

12  truth of the matters set forth in such Paragraphs 22 through 24 and 28.

13      63.    Plaintiff's reliance was justified because Plaintiff had no reason to believe

14  otherwise.

15      64.    By virtue of the foregoing, Defendants have violated Section 10(b) of the

16  Securities Exchange Act, and Rule 10b-5 promulgated thereunder.

17      65.    Plaintiff has suffered damages including (i) $750,000 and (ii) interest on such

18  sum in the amount of 10% from November 30, 2007, as well as other incidental and

19  consequential expenses and losses, according to proof.

20

21              **THIRD CAUSE OF ACTION**

22          (As against Defendant DURAN and DOES 1-10)

23          **Damages Pursuant to 15 U.S.C. §78t(a)**

24      **(Section 20(a)of the Securities Exchange Act of 1934, as amended)**

25              **Controlling Person Liability**

26

27      66.    Plaintiff hereby repeats and religious each and every allegation contained in

28  Paragraphs 1 through 65 of this Complaint and incorporates them herein as though fully set

12

**COMPLAINT**

1    forth herein.

2        67.    Defendant Duran as the controlling person of CAPITAL MANAGEMENT, of

3    the NEW WORLD HEDGE FUNDS, had the power to, and in fact did, control or influence

4    the actions of the NEW WORLD HEDGE FUNDS and CAPITAL MANAGEMENT.

5        68.    Defendant CAPITAL MANAGEMENT as the controlling person of the NEW

6    WORLD HEDGE FUNDS, had the power to, and in fact did, control or influence the actions

7    of the NEW WORLD HEDGE FUNDS.

8        69.    Defendants Duran and CAPITAL MANAGEMENT were culpable participants

9    with respect to structuring, creating, authorizing, cooperating, participating and effecting the

10   organization of the such entities and the misfeasance, nonfeasance and malfeasance

11   associated with taking, diverting and converting Plaintiff's funds under the guise such funds

12   would be invested in the currency and securities markets for financial gain of the Plaintiff.

13   The actions of Defendant Duran included, but were not limited to, involvement with the

14   drafting and preparing the NEW WORLD HEDGE FUNDS Offering Memoranda, and the

15   false information posted on Hedgefund.net, and soliciting the funds of Plaintiff, and therefore

16   Duran and CAPITAL MANAGEMENT is legally responsible, and jointly responsible, and

17   jointly and severally liable, for and obligated in respect of all damages incurred by the

18   Plaintiff in connection with all written communication which includes false, misleading and

19   omitted information in violation of Section 10(b) and Rule 10b-5 of the Securities Exchange

20   Act of 1934, as amended.

21       70.    As the direct and proximate result and cause of such actions and inactions by

22   the Defendants, Plaintiff has suffered damages including (i) $750,000 and (ii) interest on

23   such sum in the amount of 10% from November 30, 2008, as well as other incidental and

24   consequential expenses and losses, according to proof.

25   ///

26   ///

27   ///

28   ///

**COMPLAINT**

## FOURTH CAUSE OF ACTION

(As Against All Defendants and DOES 1-10)

### Damages Pursuant to Section 25501 for Violation of Section 25401
### of the California Corporate Securities Law of 1968

71.    Plaintiff hereby repeats and religious each and every allegation contained in Paragraphs 1 through 70 of this Complaint and incorporates them herein as though fully set forth herein.

72.    The NEW WORLD DEFENDANTS made, directly and indirectly, false and misleading statements and omitted to make statements necessary in order to make the statements that were made by the Defendants not misleading as alleged in this Complaint with respect to the true material facts as set forth in Paragraph 22 through 24 and 28.

73.    The false and misleading statements and omissions were made by the NEW WORLD DEFENDANTS by means of a prospectus as alleged hereinabove in the form of (i) the Offering Memoranda and (ii) written disclosures in the form of information posted by the Defendants on Hedgefund.net which included the fictitious historical performance information, and (ii) oral communications by Defendant Duran to the Plaintiff as to the NEW WORLD DEFENDANT's business plan, historical investment performance and investment activity.

74.    As the direct and proximate result and cause of such false and misleading statements and omissions by the Defendants, Plaintiff has suffered damages including (i) $750,000 and (ii) interest on such sum in the amount of 10% from November 30, 2007, as well as other incidental and consequential expenses and losses, according to proof.

///

///

///

///

///

### FIFTH CAUSE OF ACTION

(As Against all Defendant Duran and DOES 1-10)

### Joint and Several Liability Pursuant to Section 25504

### for Violation of Section 25401 of the California Corporate Securities Law of 1968

75.    Plaintiff hereby repeats and religious each and every allegation contained in Paragraphs 1 through 74 of this Complaint and incorporates them herein as though fully set forth herein.

76.    As the controlling persons of Defendants NEW WORLD HEDGE FUNDS and CAPITAL MANAGEMENT pursuant to California Corporation Code Section 25504, Defendants CAPITAL MANAGEMENT and Duran, respectively, had the power to, and in fact did, control or influence the actions of Defendants NEW WORLD HEDGE FUNDS and CAPITAL MANAGEMENT and was a culpable participant with respect to structuring, creating, authorizing, cooperating, participating and effecting the organization of the NEW WORLD HEDGE FUNDS and the misfeasance, nonfeasance and malfeasance associated with taking, diverting and converting Plaintiff's funds under the guise such funds would be invested in the currency and securities markets for financial gain of the Plaintiff. The actions of Defendants Duran and CAPITAL MANAGEMENT include, but not limited to, involvement in the preparation of the Offering Memoranda and false investment performance summaries and soliciting the funds of Plaintiff, and therefore are legally responsible, and jointly responsible, and jointly and severally liable, for and obligated in respect of all damages incurred by the Plaintiff in connection with all written communication which includes false, misleading and omitted information in violation of Section 25401 of the California Corporate Securities Law of 1968.

77.    As the direct and proximate result and cause of such false and misleading statements and omissions by the Defendants, Plaintiff has suffered damages including (i) $750,000 and (ii) interest on such sum in the amount of 10% from November 30, 2007, as well as other incidental and consequential expenses and losses, according to proof.

15

**COMPLAINT**

## SIXTH CAUSE OF ACTION

(As Against All Defendants and DOES 1-10)

### Joint and Several Liability Pursuant to Section 25504.1

### for Violation of Section 25401 of the California Corporate Securities Law of 1968

78.     Plaintiff hereby repeats and religious each and every allegation contained in Paragraphs 1 through 77 of this Complaint and incorporates them herein as though fully set forth herein.

79.     Defendant Duran and DOES 1-10 materially assisted the other named defendants in soliciting Plaintiff's funds, by virtue of their creation, advice, guidance, due diligence and lack thereof, and/or cooperation and involvement with respect to the preparation of the Offering Memoranda, the Hedgefund.net postings and providing other communication.

80.     As the direct and proximate result and cause of such false and misleading statements and omissions by the Defendants, Plaintiff has suffered damages including (i) $750,000 and (ii) interest on such sum in the amount of 10% from November 30, 2007, as well as other incidental and consequential expenses and losses, according to proof.

## SEVENTH CAUSE OF ACTION

(As against all Defendants and DOES 1-10

### Breach of Fiduciary Duty

81.     Plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 80 of this Complaint and incorporates them herein as though fully set forth herein.

82.     Upon the Plaintiff purchasing its limited partnership interests in the NEW WORLD HEDGE FUNDS, the Plaintiff became a partner in each of the NEW WORLD HEDGE FUNDS, and all Defendants in their respective capacities of general partner, chief

1   executive officer of the general partner, and the partnerships, had a fiduciary relationship

2   with, and owed a fiduciary duty to, the Plaintiff, including without limitation, the duty of

3   candor and truthfulness requiring under the circumstances, prompt and full disclosure of all

4   information which the Plaintiff would reasonably need and want to know, including but not

5   limited to, the value and liquidity of Plaintiff's investment.

6        83.    The relationship of the parties gave discretionary authority to the Defendants

7   with respect to Plaintiff's invested funds. Having full discretion and control over Plaintiff's

8   funds, the Defendants had the obligation and duty to the Plaintiff to manage and protect the

9   invested funds entrusted to such Defendants. Defendants Duran and CAPITAL

10   MANAGEMENT were responsible to, among other items:

11       (i) safeguard the Plaintiff funds by segregating such funds;

12       (ii) protect the Plaintiff funds by not diverting or converting such funds for any

13   purpose other than investing in the foreign currency and securities markets, respectively.

14       (iii) track and report the investment activities and funds flow for each NEW WORLD

15   HEDGE FUND;

16       (iv) invest the funds in the NEW WORLD HEDGE FUNDS in accordance with the

17   stated terms and objectives as set forth in the Offering Memoranda;

18       (v) deal fairly with the entrusted funds by charging fair and reasonable prices

19   associated with the services rendered, if any, on behalf of such funds.

20       (vi) applying all prudent controls in a disciplined and consistent manner with respect

21   to items (i) through (v) above (collectively, the "Fiduciary Responsibilities").

22        84.    On information and belief, the Defendants breached their fiduciary duties by

23   not fulfilling any of their Fiduciary Responsibilities as set forth in (i) through (vi) solely in

24   their quest to control Plaintiff's funds to generate commissions, fees and otherwise directly or

25   indirectly permit the diversion and/or conversion of the Plaintiff's funds. In so doing, the

26   Defendants placed their financial interests above the interests of the Plaintiff.

27        85.    The Defendants, to the exclusion of the Plaintiff, were the only parties in a

28   position to know the status of Plaintiff's funds once invested with the NEW WORLD

**COMPLAINT**

1  HEDGE FUNDS. In light of this superior knowledge, as well as their agreement to manage

2  and oversee Plaintiff's funds, the Defendants occupied a position of trust and special

3  relationship with respect to Plaintiff.

4       86.    By their actions and inactions with respect to their Fiduciary Responsibilities,

5  the Defendants breached their fiduciary duties to Plaintiff.

6       87.    As the direct and proximate result and cause of the breach, Plaintiff has

7  suffered special damages including (i) $750,000 and (ii) interest on such sum in the amount

8  of 10% from November 30, 2007, as well as other incidental and consequential expenses and

9  losses, according to proof.

10       88.    The breach of the fiduciary duties and the resulting personal gain by

11  Defendants in their capacity as fiduciaries, were oppressive, fraudulent and malicious,

12  committed with recklessness and in conscious disregard of the rights of Plaintiff. Plaintiff is

13  therefore entitled to an award of exemplary damages according to proof.

14

15  **EIGHTH CAUSE OF ACTION**

16  (As against All Defendants and DOES 1-10)

17  **Damages for Constructive Fraud**

18

19       89.    Plaintiff hereby repeats and religious each and every allegation contained in

20  Paragraphs 1 through 88 of this Complaint and incorporates them herein as though fully set

21  forth herein.

22       90.    Once the Plaintiff invested in the NEW WORLD HEDGE FUNDS, all

23  Defendants had a fiduciary relationship with, and owed a fiduciary duty to the Plaintiff,

24  including without limitation fulfilling their Fiduciary Responsibilities.

25       91.    Upon failure to receive any information regarding the Plaintiff funds, and upon

26  receiving answers that appeared valid as to fund performance and redemption, the Plaintiff

27  justifiably relied on the Defendants to fulfill their Fiduciary Responsibilities to their

28  detriment.

**COMPLAINT**

92.    Plaintiff reliance resulted in Plaintiff not promptly seeking to sell its limited partnership interests and/or withdraw funds immediately before Plaintiff's funds were either lost, diverted or converted, and/or take other action.

93.    Plaintiff was ignorant of the true nature of the activities of the Defendants and the losses being incurred through either investment losses, diversion or conversion.

94.    The reliance of the Plaintiff was justified and reasonable in light of the misrepresentations and omissions made to the Plaintiff before Plaintiff became a limited partner in the NEW WORLD HEDGE FUNDS, and the Defendants' withholding of the correct information thereafter.

95.    Defendants withholding of the correct information under the circumstances was designed to induce the Plaintiff to refrain from objecting to Defendants' conduct so that Defendants could reap the financial interest and benefit which the Defendants gained through fees, and by diverting and converting Plaintiff funds.

96.    As the direct and proximate result and cause of such false and misleading statements and omissions by the Defendants, Plaintiff has suffered special damages including (i) $750,000 and (ii) interest on such sum in the amount of 10% from November 30, 2007, as well as other incidental and consequential expenses and losses, according to proof.

97.    The negligent misrepresentations and withholding of material information by Defendants, were oppressive, fraudulent and malicious, committed with recklessness and in conscious disregard of the rights of Plaintiff.  Plaintiff is therefore entitled to an award of exemplary damages according to proof.

## NINTH CAUSE OF ACTION

### (As against all Defendants and DOES 1-10)

### Damages for Breach of Written Contract

98.    Plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 97 of this Complaint and incorporates them herein as though fully set

**COMPLAINT**

forth herein.

99.     By subscribing to the NEW WORLD HEDGE FUNDS, the Plaintiff and Defendants entered into a written agreement as memorialized by the terms in the Offering Memoranda.  The Offering Memoranda provided that the Plaintiff's funds would, among other things,:

   (i)     be pooled with other investors funds in each separate New World Hedge Fund;

   (ii)    be deposited with such pooled funds in accounts segregated from other funds;

   (iii)   with respect to the EQUITY FUND, be used to achieve positive absolute returns while preserving principal and avoiding excess risk;

   (iv)    with respect to the EQUITY FUND, be invested with such pooled funds in "8 to 33 positions depending on market conditions...";

   (v)     with respect to the EQUITY FUND, be limited to no more than 10-20% to be used as collateral in connection with selling securities short;

   (vi)    be accounted for and valued on the last day of a fiscal quarter, including but not limited to December 31, 2007 and March 31, 2008;

   (vii)   be subject to audit as part of the audited financial statements of each of the NEW WORLD HEDGE FUNDS, to be delivered to Plaintiff annually;

   (viii)  be part of the quarterly financial statement of each of the NEW WORLD HEDGE FUNDS to be delivered to the Plaintiff quarterly;

   (ix)    be the subject of monthly Performance and Capital Summary Reports and Partner Interest Appraisal Reports each of which was to be delivered to the Plaintiff.

100.    Defendants made further promises in its March 7, 2008 email (See Para 41) and the March 15, 2008 email (See Para 42) to make distributions of at least $250,000 to the Plaintiff in redemption of its interest in the EQUITY FUND.

101.    Plaintiff performed all conditions, covenants and promises required by it on its part to be performed in accordance with the terms and conditions of the subscription contract by wiring funds into the NEW WORLD HEDGE FUNDS.

102.    Defendants breached every covenant set forth in Paragraphs 98 and 99 above.

103.   As a direct and proximate result of said breach, Plaintiff lost Plaintiff's entire investment in the NEW WORLD HEDGE FUNDS.

104.   As the direct and proximate result and cause of breach, Plaintiff has suffered special damages including (i) $750,000 and (ii) interest on such sum in the amount of 10% from November 30, 2007, as well as other incidental and consequential expenses and losses, according to proof.

## TENTH CAUSE OF ACTION

(As Against All Defendants and DOES 1-10)

### Negligence

105.   Plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 103 of this Complaint and incorporates them herein as though fully set forth herein.

106.   In creating, marketing and operating the NEW WORLD HEDGE FUNDS,  all Defendants became Plaintiff's agent and assumed and undertook a duty to exercise reasonable care in handling the Plaintiff's funds so as to ensure that Plaintiff's risks associated with its investment in the NEW WORLD HEDGE FUNDS were minimized and the funds safeguarded from excess risk or conversion.

107.   The Defendants breached their duty of care to Plaintiff by failing to segregate and protect the Plaintiff funds and allowing such funds to be exposed to excessive risk and, on information and belief, converted by some or all of the NEW WORLD DEFENDANTS including Defendant Duran.

108.   As the direct and proximate result and cause of breach, Plaintiff has suffered special damages including (i) $750,000 and (ii) interest on such sum in the amount of 10% from November 30, 2007, as well as other incidental and consequential expenses and losses, according to proof.

**COMPLAINT**

1

## ELEVENTH CAUSE OF ACTION

(As Against all Defendants and DOES 1-10

### Damages for Negligent Misrepresentation [1]

109.    Plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 107 of this Complaint and incorporates them herein as though fully set forth herein.

110.    At the time that the Defendants made the statements set forth in the March 7, 2007 email (See Para 41) and the March 15, 2007 email (See Para 42), such Defendants had no reasonable ground for believing them to be true, and/or failed to exercise reasonable care or competence in making such statements. At that time, Defendants further omitted to disclose material information consisting of the true state of the financial and other affairs of the NEW WORLD HEDGE FUNDS.

111.    As a direct and proximate result, Plaintiff was induced into not otherwise selling and/or redeeming its limited partnership interests in the NEW WORLD HEDGE FUNDS.

112.    As the direct and proximate result and cause of such false and misleading statements and omissions by the Defendants, Plaintiff has suffered special damages including (i) $750,000 and (ii) interest on such sum in the amount of 10% from November 30, 2007, as well as other incidental and consequential expenses and losses, according to proof.

113.    The negligent misrepresentations and withholding of material information by Defendants, were oppressive, fraudulent and malicious, committed with recklessness and in conscious disregard of the rights of Plaintiff.  Plaintiff is therefore entitled to an award of exemplary damages according to proof.

///

///

---

[1]    (*Small v. Fritz  Companies, Inc.*, 30 Cal. 4th 167; 65 P.3d 1255 (April 7, 2003) [investors, who were induced to not sell their investment as a result of negligent misrepresentation, have a cause of action ].

**COMPLAINT**

# TWELFTH CAUSE OF ACTION

## (As Against All Defendants and DOES 1-10)

### Damages for Conversion

114.    Plaintiff hereby repeats and realleges each and every allegation contained in Paragraphs 1 through 113 of this Complaint and incorporates them herein as though fully set forth herein.

115.    Upon information and belief, Defendant Duran and the other Defendants misappropriated and converted some or all of Plaintiff's funds which Plaintiff invested in the NEW WORLD HEDGE FUNDS, and thereby breached their fidelity owed to Plaintiff.

116.    As of the date of Defendant Duran's January 23, 2008 email (See Paras. 35-39), the PSQ securities position in the EQUITY FUND, purportedly constituting the sole asset of the EQUITY FUND, increased in value from it purchase price.

117.    On information and belief, Defendant Duran and the other Defendants have either retained the assets in the EQUITY FUND for their own use, or have transferred such assets which include Plaintiff's funds to third parties for invalid or no consideration whatsoever.

118.    As a proximate result of Defendant's misappropriation and conversion, Plaintiff has been improperly deprived of its rights of ownership in such funds.

119.    Between the time of Defendant's conversion of the Plaintiff's funds and the filing of this action, Plaintiff expended time and money in pursuit of the converted property, all to the further damage of Plaintiff in an amount to be determined at trial.

120.    As the direct and proximate result and cause of breach, Plaintiff has suffered special damages including (i) $750,000 and (ii) interest on such sum in the amount of 10% from November 30, 2007, as well as other incidental and consequential expenses and losses, according to proof.

121.    The acts of misappropriation and conversion Defendants, were oppressive, fraudulent and malicious, committed with recklessness and in conscious disregard of the

1   rights of Plaintiff.  Plaintiff is therefore entitled to an award of exemplary damages according
2   to proof.
3        **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them,
4   as follows:
5
6                                **PRAYER FOR RELIEF**
7        WHEREFORE, the Plaintiff respectfully request that this Court:
8        <u>On All Causes of Action</u>:
9        A.    enter judgment in their favor on all counts of the Complaint;
10       B.    award Plaintiff compensatory damages in the amount of not less than $750,000;
11       C.    award Plaintiff incidental damages to be determined according to proof;
12       D.    award Plaintiff consequential damages to be determined according to proof;
13       E.    award Plaintiff punitive damages (as to Causes of Action Nos. 1, 7, 8, 11 and
14              12, only),
15       F.    award Plaintiff prejudgment interest, and its attorneys' fees and costs;
16       G.    grant such other and further relief as this Court deems just and proper.
17
18  Dated: June 10, 2008              **LAW OFFICES OF ERIC I. MICHELMAN**
19
20                            By:_____
21                                Eric I. Michelman
                                  Attorney for Plaintiff
22                                A WALL STREET FUND I, LTD.,
                                  a Florida limited partnership
23
24
25
26
27
28

**COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of

3   Civil Procedure.

4

5   Dated: June 6, 2008                **LAW OFFICES OF ERIC I. MICHELMAN**

6

7                                     By_____

8                                        Eric I. Michelman
                                         Attorney for Plaintiff
9                                        A WALL STREET FUND I, LTD.,
                                         a Florida limited partnership
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT  A**

1

**EXHIBIT "A"**

2

3

4    Letter Dated April 11, 2008 from New World Capital Management, LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**New World Capital Management, LLC**

April 11, 2008

Dear Investors,

Trading losses have rendered New World Capital Currency Fund L.P. and New World Capital Equity Fund L.P. insolvent. No apology is adequate but we want you to know how profoundly sorry and deeply pained we are about this result. You entrusted your money to our investment strategy and it failed. Also, we want to apologize for not speaking with you directly and ask that you forgive the fact that our first communication is this letter. As you can imagine, recent events required our undivided attention.

The losses in the funds resulted from market conditions in certain currency pairs. Our investment strategy and strong belief in market direction collided with the volatility of the world economy and currency markets, leading to the funds' collapse. Managing the risks of such extraordinary events is always challenging. In hindsight, our investment strategy – like the strategies of many other funds - was insufficient.

Once again, let us tell you that there is no way to express how sorry we are for our lack of success for you. We are continuing our evaluation of the trading losses and intend to provide you with further information.

Sincerely,

New World Capital Management LLC

312 Read St.
Santa Fe, New
Mexico
87501
Tel: 505-989-3876
Fax: 505-995-
8205

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 151880    — TC
* * C O P Y * *
June 12, 2008
10:21:39**

**Civ Fil Non-Pris**
USAO #.: 08CV1042
Judge..: NAPOLEON A JONES, JR
Amount.:                $350.00 CK
Check#.: BC2339

**Total—>  $350.00**

FROM: A WALL STEET FUND LTD.
      VS.
      NEW WORLD CAPITOL CURRENCY
      FUND



JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
A Wall Street Fund I, Ltd., a Florida limited partnership

**DEFENDANTS**
New World Capital Currency Fund, L.P., New World Capital Equity Fund, L.P., New World Capital Management, LLC, Gregory Duran and Does 1-10

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   New Mexico-State
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**FILED**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Eric I. Michelman, Law Offices of Eric I. Michelman, 2301 Dupont Dr., Ste. 530, Irvine, CA 92612; 949-553-1800

Attorneys (If Known)

**'08 CV 1042 J JMA**

DEPUTY

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC Section 78j

Brief description of cause:
Securities Fraud = sale of hedge fund investments

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 750,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE
06/10/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 151880   AMOUNT $350   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

TLC 6/12/08

CR