1 | LAW OFFICE OF ERIC I. MICHELMAN
Eric I. Michelman, Bar No. 145017
2 | 2301 Dupont Drive, Suite 530
Irvine, CA 92612
3 | Telephone: (949) 553-1800
Facsimile: (949) 553-1880
4 | email: ericmichelman@lawfirmofbusiness.com

5 | Attorney for Plaintiff
A WALL STREET FUND I, LTD.,
6 | a Florida limited partnership

7

8

## IN THE UNITED STATES DISTRICT COURT

9

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| **A WALL STREET FUND I, LTD.,** <br> a Florida limited partnership <br><br> Plaintiff, <br><br> **vs.** <br><br> **NEW WORLD CAPITAL CURRENCY FUND, L.P.**, a Delaware limited partnership, **NEW WORLD CAPITAL EQUITY FUND, L.P.**, a Delaware limited partnership, **NEW WORLD CAPITAL MANAGEMENT, LLC**, a Delaware limited liability company, **GREGORY DURAN**, an individual**;** and **DOES 1-10;** <br><br> Defendants. | **Case No.   08 CV 1042 JAH (JMA)** <br><br> **EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION;** <br><br> **[SUBMITTED HEREWITH: MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF THOMAS G. BUCKLEY, JR. AND ERIC I. MICHELMAN; REQUEST FOR JUDICIAL NOTICE; [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION]** |

Judge: Hon. John A. Houston
Courtroom: 11
Date:

        Plaintiff A WALL STREET FUND I, LTD. hereby applies Ex Parte for a Temporary

Restraining Order pending the hearing and determination of an Order To Show Cause Re:

1

1   Preliminary Injunction enjoining and restraining the Defendants and each of them, and their

2   agents, partners, managers, employees, assignees, successors, representatives, attorneys and

3   all persons and entities acting under, or in concert with, or on behalf of any of them, or

4   subject to the direct or indirect control of all or any of them, from engaging in or performing

5   directly or indirectly any and all of the following acts:

6

7           (i) investing or trading any funds and investments including, but

8               not limited to, cash, securities, bonds, notes, commodities,

9               derivatives, exchange traded funds, real estate and currency,

10              except for selling such investments solely for U.S. Dollars; and

11              (ii) employing or contracting with Gregory Duran, or making any

12              payments to, or on behalf of, (a) Gregory Duran, or (b) any

13              relative Gregory Duran, or (c) any entity which is directly or

14              indirectly controlled by, Gregory Duran.

15

16      This Ex Parte Application will be made on the grounds that unless the Defendants are

17  immediately enjoined from committing the above-referenced acts, Plaintiffs will suffer

18  irreparable harm before the matter can be heard on notice.

19      This Ex Parte Application is made on the further grounds that hedge fund Defendants

20  claim they are "insolvent" and are otherwise engaging in oppressive and unfair practices and

21  refuse to return funds to Plaintiff which belong to Plaintiff.

22      The continuation of such practices will result in great and irreparable injury to

23  Plaintiff unless a Temporary Restraining Order is issued and an Order To Show Cause Re:

24  Preliminary Injunction is granted.  Furthermore, Defendants claim of "insolvency" creates a

25  significant threat of irreparable injury since a money judgment would be ineffective and

26  therefore an indequate remedy, and thus requires the parties to maintain the status quo.

27      This Ex Parte Application will be based on this Application, on the attached

28  Declarations of (i) Thomas G. Buckley, Jr. and (ii) Eric I. Michelman, the Complaint

1  previously filed in this action, the Memorandum of Points and Authorities filed herewith, and

2  the Request For Judicial Notice filed herewith, the records and files herein, and on such

3  evidence as may be presented in connection with this Application.

4

5  Dated: July 2, 2008                    LAW OFFICES OF ERIC I. MICHELMAN

6
                                          s/Eric I. Michelman
7                                         Eric I. Michelman
                                          Attorney for Plaintiff
8                                         A WALL STREET FUND I, LTD.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EX PARTE APPLICATION FOR T.R.O. AND OSC RE: PRELIM. INJUNCTION**
**Case No. 08CV 1042 JAH (JMA)**

1   LAW OFFICE OF ERIC I. MICHELMAN
    Eric I. Michelman, Bar No. 145017
2   2301 Dupont Drive, Suite 530
    Irvine, CA 92612
3   Telephone: (949) 553-1800
    Facsimile: (949) 553-1880
4   email: ericmichelman@lawfirmofbusiness.com

5   Attorney for Plaintiff
    A WALL STREET FUND I, LTD.,
6   a Florida limited partnership

7

8                **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  | | |
    | --- | --- |
    | **A WALL STREET FUND I, LTD.,** a Florida limited partnership | **Case No.   08 CV 1042 JAH (JMA)** |
    | Plaintiff, | |
    | **vs.** | **MEMORANDUM OF POINTS AND AUTHORITIES;** |
    | **NEW WORLD CAPITAL CURRENCY FUND, L.P.**, a Delaware limited partnership, **NEW WORLD CAPITAL EQUITY FUND, L.P.**, a Delaware limited partnership, **NEW WORLD CAPITAL MANAGEMENT, LLC**, a Delaware limited liability company, **GREGORY DURAN**, an individual**;** and **DOES 1-10;** | **[FILED IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION]** |
    | Defendants. | Judge: Hon. John A. Houston Courtroom: 11 Date: |

24          Plaintiff, A WALL STREET FUND I, LTD., invested $750,000 in two "hedge

25  funds"on November 30, 2007.  The money is now missing without a trace.

26          Plaintiff's ex parte application for a Temporary Restraining Order pending the hearing

27  and determination of an Order to Show Cause Re: Preliminary Injunction seeks to enjoin and

28  restrain the Defendants and each of them, and their agents, partners, managers, employees,

1  assignees, successors, representatives, attorneys and all persons and entities acting under, or

2  in concert with, or on behalf of any of them, or subject to the direct or indirect control of all

3  or any of them, from engaging in, or performing directly or indirectly, or consummating any

4  and all of the following acts:

5          (i) investing or trading any funds and investments including, but not limited to, cash,

6  securities, bonds, notes, commodities, derivatives, exchange traded funds, real estate and

7  currency, except for selling such investments solely for U.S. Dollars, and

8          (ii) employing or contracting with Gregory Duran, or making any payments to or on

9  behalf of (a) Gregory Duran,  or (b) any relative Gregory Duran, or (c) any entity which is

10  directly or indirectly controlled by, Gregory Duran.

11

12  **I.      THE COURT HAS THE AUTHORITY TO ISSUE THE REQUESTED INJUNCTIVE**

13          **RELIEF**

14          **A.      The Legal Standard For Issuance of a Temporary Restraining Order and**
            **a Preliminary Injunction.**

15

16          The party seeking a Temporary Restraining Order must show either (i) a combination of

17  probable success on the merits and the possibility of irreparable injury, in that the relief sought in the

18  underlying lawsuit depends, in whole or in part, on restraining the commission or continuance of an

19  act which would cause waste or irreparable injury, or (ii) that serious questions are raised and the

20  balance of hardships tips sharply in favor of the moving party.  *Stuhlbarg Int'l Sales Co., Inc. v*

21  *John D. Brush & Co., Inc.,* 240 F3d 832, 839-40 (9th. Cir. 2001).  Irreparable injury exists when

22  compensatory monetary damages is the remedy sought by plaintiff but the money judgment

23  may be uncollectible due to the defendant's insolvency and where the plaintiff seeks to

24  preserve a fund in which plaintiff has a claim,  *Decker v. Independence Shares Corp*, 311 US

25  282, 290 , 61 S. Ct. 229, 234 (1940), *Hendricks v. Bank of America, N.A.* 408 F.3d 1127,

26  1141 (9th Cir. 2005) [defendant was shown to be insolvent], and to preserve equitable

27  remedies *Walczak v. EPL Prolong, Inc.*, 198 F3d.725, 732 (9th Cir. 1999) [ injunction against

28  liquidating corporate assets in suit for breach of fiduciary duty].  A Temporary Restraining

1    Order is granted to maintain the status quo pending a decision on a Preliminary Injunction.

2    *Granny Goose Foods, Inc. v Brotherhood of Teamsters & Auto Truck Drivers*, 4115 U.S.

3    423, 439 (1974).

4

5    **B.    Plaintiffs Is Likely To Prevail On The Merits Since the Defendants Misled**
     **Plaintiff Into Making the Investments By Use of False Information and the**
6    **Defendants Never Provided Any Accounting or Reports Regarding the**
     **Status of Plaintiff's Funds, and the Invested Funds are Now Missing**
7    **Without a Trace.**

8         The facts of the case are simple, and are specifically set forth in the Declaration of

9    Thomas G. Buckley, Jr. filed herewith.

10        On the last day of November, 2007, Plaintiff invested an aggregate of $750,000 in two

11   "hedge funds" and all funds are now missing without a trace. (Buckley Decl. at ¶13, 15-17,

12   27, 28).  The two "hedge fund" defendants were "managed" by defendant Duran through his

13   limited liability company, New World Capital Management, LLC, also a defendant ("Capital

14   Management").   In April, 2008, Capital Management claimed the "hedge funds" became

15   "insolvent" (the "Insolvency Letter") (Buckley Decl. at ¶25).

16        Plaintiff's decision to invest was made based upon false and misleading information

17   posted by the defendants on the www.hedgefund.net website. (Buckley Decl. at ¶3 through

18   ¶8).  The false information included a five year and three year performance track record for

19   the "hedge fund" defendants, which under no circumstance could be true in light of the

20   recent learning that the "hedge fund" defendants were, in fact, only organized, a mere 2 and 5

21   months, respectively,  prior to Plaintiff's November, 2007 investment.  (Buckley Decl. at

22   ¶30; Request For Judicial Notice ¶¶1, 2 & 3).   In February, 2008,  Plaintiff exercised its

23   redemption rights with respect to its investment in the New World Capital Equity Fund, L.P.,

24   which was acknowledged and agreed to by the defendants, but was subsequently delayed by

25   defendants' "excuse" of waiting to the end of the fiscal quarter (Buckley Decl. at ¶¶ 21, 22,

26   23).   Thereafter, Plaintiff received the Insolvency Letter. (Buckley Decl. at ¶25 and Exhibit

27   "A" attached thereto).  Plaintiff never received a return of any of its investment. (Buckley

28   Decl. at ¶24).  At no time has any of the defendants provided Plaintiff with an accounting or

1  report as to the use or whereabouts of Plaintiff's investment proceeds. (Buckley Decl.at ¶¶16,

2  17, 27, and 28).

3      Given the repeated deceptions by the Defendants with respect to inducing Plaintiff to

4  invest, and the delaying tactics not to return Plaintiff's investment, it is highly likely that

5  Plaintiff will prevail on the merits in this case.

6      Plaintiff will suffer irreparable injury in this case without an order for temporary

7  restraining order in that Plaintiff is seeking to (i)  preserve a fund in which Plaintiff has a

8  claim in light of the fact that the hedge fund defendants claim to be insolvent (Buckley Decl

9  at ¶25), and to (ii) preserve equitable remedies including but not limited to rescission of

10  Plaintiff's investment, and constructive trust of assets held by the defendants.

11

12      **C.    Balancing The Equities, The Court Should Issue Immediate Injunctive
              Relief To Preserve The Status Quo and Avoid Irreparable Harm;
13            Defendants Will Suffer No Adverse Effect.**

14      The circumstances show that injunctive relief is absolutely required to protect

15  Plaintiff.  Analyzing the benefits and burdens of the Plaintiff and Defendants in the event a

16  TRO is granted clearly weighs in favor of the Plaintiff.  If, as the Defendants claim, the

17  "hedge funds" are insolvent, and there are no funds remaining, then the TRO will not burden

18  the Defendants because the TRO will, in effect, be restraining no conduct, and will be no

19  burden on the Defendants.

20      If however, the Defendants have, once again, misled the Plaintiff, and there are assets

21  remaining, then given the Defendants' deceptions perpetrated upon the Plaintiff with respect

22  to the inducement to invest and the current "insolvent" status of the "hedge funds", and the

23  Defendants' failure to return the Plaintiff's funds, and the likelihood that the Plaintiff will

24  prevail in this case, then the Defendants will have suffered no burden, since it is, and has

25  always been, Defendants' obligation to hold and return Plaintiff's funds to the Plaintiff.

26      Failure to grant the injunctive relief herein sought would serve to impair the

27  Plaintiff's ability to preserve a fund in which plaintiff has a claim, and to preserve its

28  equitable remedies, and thus would cause irreparable injury.

**III.    CONCLUSION**

Defendants have acted deceptively and unlawfully in taking Plaintiff's funds without a trace.  Plaintiff, now in pursuit of the recovery of such funds, is now confronted with irreparable harm from the Defendants' attempted, if not completed alleged misappropriation. Plaintiff seeks to preserve the status quo of the "hedge fund" activities and its manager and to preserve its rights to equitable remedies (e.g. rescission, constructive trust).   Defendants will not be harmed by the granting of the Temporary Restraining Order which prevents them from further investing or trading any funds and investments pending a hearing on Preliminary Injunction.

For these, and all of the foregoing reasons, this Court should immediately grant a Temporary Restraining Order and Order To Show Cause Re: Preliminary Injunction.


Dated: July 2, 2008                    LAW OFFICES OF ERIC I. MICHELMAN



                                       s/Eric I. Michelman
                                       Eric I. Michelman
                                       Attorney for Plaintiff
                                       A WALL STREET FUND I, LTD.

5

LAW OFFICE OF ERIC I. MICHELMAN
Eric I. Michelman, Bar No. 145017
2301 Dupont Drive, Suite 530
Irvine, CA 92612
Telephone: (949) 553-1800
Facsimile: (949) 553-1880
email: ericmichelman@lawfirmofbusiness.com

Attorney for Plaintiff
A WALL STREET FUND I, LTD.,
a Florida limited partnership

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A WALL STREET FUND I, LTD., a Florida limited partnership | Case No. **08 CV 1042 JAH (JMA)** |
| Plaintiff, | |
| vs. | **DECLARATION OF THOMAS G. BUCKLEY, JR.** |
| **NEW WORLD CAPITAL CURRENCY FUND, L.P.,** a Delaware limited partnership, **NEW WORLD CAPITAL EQUITY FUND, L.P.,** a Delaware limited partnership, **NEW WORLD CAPITAL MANAGEMENT, LLC,** a Delaware limited liability company, **GREGORY DURAN**, an individual; and **DOES 1-10;** | **[FILED IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE: PRELIMINARY INJUNCTION** |
| Defendants. | Judge: Hon. John A. Houston Courtroom: 11 Date: |

I, THOMAS G. BUCKLEY, JR., hereby declare that:

    1.    I am the general partner of A Wall Street Fund I, L.P., a Florida limited partnership, the plaintiff ("Plaintiff") in this case, and execute and file this Declaration in support of Plaintiff's Ex Parte Application for Right To Attach Order and /or Temporary

1

**DECLARATION OF THOMAS G. BUCKLEY, JR. – EX PARTE APPLICATION: TRO**
**Case No. 08CV 1042 JAH (JMA)**

1 Protective Order.  If called as a witness in this matter, I can competently and completely
2 testify to the facts stated herein.

3       2.     In or about the Fall of 2007, Plaintiff, acting by and through the undersigned in
4 my capacity as Plaintiff's general partner, investigated investment opportunities.

5       3.     On behalf of Plaintiff, I first learned of the New World Capital Currency Fund,
6 L.P. and the New World Capital Equity Fund, L.P. (collectively, the "New World Hedge
7 Funds") through Hedgefund.net, an internet based web site.

8       4.     On behalf of Plaintiff, I reviewed and analyzed the historical performance,
9 investment economics and summary information regarding the New World Hedge Funds
10 which was posted on Hedgefund.net.

11       5.     Based upon certain fine print on the Hedgefund.net website, I was led to
12 believe all information posted on Hedgefund.net regarding the New World Hedge Funds was
13 provided to Hedgefund.net by the Defendants in this case.

14       6.     The historical performance information indicated, among other information,
15 that the New World Capital Equity Fund, L.P. was in existence since January, 2003 and had
16 generated annual returns of 65.36% for 2003, 63.79% for 2004, 45.56% for 2005, 78.15%
17 for 2006 and approximately 59% for the 10 months ending October, 2007.

18       7.     The historical performance information for the New World Capital Currency
19 Fund which was posted on the Hedgefund.net website indicated, among other information,
20 that the New World Capital Currency Fund was in existence for more than three years, and
21 had generated total returns of approximately 570% , and annual returns of 36.37% for 2005,
22 64.48% for 2006, and approximately 191% for the 10 months ending October, 2007.

23       8.     The investment economics and summary information which was posted on the
24 Hedgefund.net website regarding the New World Capital Currency Fund described the
25 investment strategy to include, among other items, that "no more than 3% percent of capital
26 allocated per idea with 3:1 risk to reward ratio with 1.1. to 4.1 leverage....No more than 3%
27 percent of capital risked per trade with 100:1 leverage with 3:1 risk to reward ratio."

28       9.     On behalf of Plaintiff, I further investigated the New World Hedge Funds via

2

**DECLARATION OF THOMAS G. BUCKLEY, JR. – EX PARTE APPLICATION: TRO**
**Case No. 08CV 1042 JAH (JMA)**

1  telephone conversation between the undersigned and Defendant Duran in or about

2  November, 2007. Defendant Duran identified himself as the fund manager for the New

3  World Hedge Funds.

4       10.    Pursuant to a number of subsequent telephone conversations and e-mails during

5  November, 2007, between the undersigned on behalf of Plaintiff, while at the Plaintiff's

6  office in San Diego County, California, and Defendant Duran and other personnel in Santa

7  Fe, New Mexico, Plaintiff was provided with a variety of written and oral information

8  regarding the New World Hedge Funds.

9       11.    The written information provided to Plaintiff included two Confidential

10 Offering Memoranda, one for each of the New World Hedge Funds, respectively (the

11 "Offering Memoranda").

12      12.    The Offering Memoranda provided that the Plaintiff's funds would, among

13 other things:

14      (i)    be pooled with funds from other investors separately in each of the New World

15 Capital Equity Fund and the New World Capital Currency Fund;

16      (ii)   be deposited in segregated accounts for each of the New World Capital Equity

17 Fund and the New World Capital Currency Fund;

18      (iii)  with respect to the New World Capital Equity Fund, be used to achieve positive

19 absolute returns while preserving principal and avoiding excess risk;

20      (iv)   with respect to the New World Capital Equity Fund, be invested with such

21 pooled funds in "8 to 33 positions depending on market conditions...";

22      (v)    with respect to the New World Capital Equity Fund, be limited to no more than

23 10-20% to be used as collateral in connection with selling securities short;

24      (vi)   be accounted for and valued on the last day of a fiscal quarter, including but not

25 limited to December 31, 2007 and March 31, 2008;

26      (vii)  be subject to audit as part of the audited financial statements of each of the

27 New World Hedge Funds, to be delivered to Plaintiff annually;

28      (viii) be part of the quarterly financial statement of each of the New World Hedge

3

**DECLARATION OF THOMAS G. BUCKLEY, JR. – EX PARTE APPLICATION: TRO**
**Case No. 08CV 1042 JAH (JMA)**

1  Funds to be delivered to the Plaintiff quarterly;

2      (ix)    be the subject of monthly Performance and Capital Summary Reports and

3  Partner Interest Appraisal Reports each of which was to be delivered to the Plaintiff.

4      13.    Plaintiff made its investments in the New World Hedge Funds on or about

5  November 30, 2007 by wiring $750,000 to Account No. 004390119034 at Bank of America

6  , 2308 Cerrillos, Santa Fe, New Mexico 87505, designating that $500,000 be invested in the

7  New World Capital Currency Fund and $250,000 be invested in the New World Capital

8  Equity Fund.

9      14.    As a result of making the investments and subscribing to become a limited

10  partner, Plaintiff was led to believe it became a limited partner of each of the New World

11  Hedge Funds on or about December 1, 2007.

12      15.    From and after December 1, 2007, Plaintiff never received any report

13  indicating the value of its investments, or the gain or loss of its investment, other than an

14  informal email on December 27, 2007 which stated in part, "The returns for December have

15  been good, considerably....The equity portfolio could manage around a 2.5%+- return.....In

16  terms of the currency side, we should have a 1.23%+- return."

17      16.    From and after December 1, 2007, Plaintiff never received any report

18  indicating the nature or amount of the underlying assets in which its funds were invested in

19  either of the New World Hedge Funds other than an informal email on January 23, 2008

20  email which is described in Paragraphs 18 and 19 hereinbelow.

21      17.    From and after December 1, 2007, Plaintiff never received any report

22  indicating the liquidity of its investments or any report indicating the location of any financial

23  institution which held the investments of either of the New World Hedge Funds.

24      18.    On or about January 23, 2008, Defendant Duran sent an e-mail to Plaintiff (the

25  "January 23, 2008 email") which responded to an email from the undersigned on behalf of

26  the Plaintiff, the latter of which inquired as to the status of the December, 2007 returns on

27  Plaintiff's investments.

28      19.    Defendant Duran's January 23, 2008 email stated that "for the last month and a

4

**DECLARATION OF THOMAS G. BUCKLEY, JR. – EX PARTE APPLICATION: TRO**
**Case No. 08CV 1042 JAH (JMA)**

half, we have owned only one position.  PSQ, which is short the tech laden QQQ."

20.     In fact, (i) at  December 1, 2007, the PSQ had a value of approximately $54.06 per share, (ii) at January 23, 2008 the PSQ had a value of $63.00 per share, (iii) during the period December 1, 2007 through December 31, the PSQ reportedly never traded below $51.94, and (iv) from and after January 1, 2008 through April, 2008 and all times thereafter which is relevant hereto, the PSQ traded above $54.06, thereby indicating that the New World Hedge Fund's ownership of PSQ was profitable.

21.     On or about February 21, 2008, Plaintiff delivered to Defendant Duran on behalf of defendant New World Capital Management, LLC, a written request for a full redemption of its investment in the New World Capital Equity Fund.

22.     On or about March 7, 2008, Defendant Duran sent an email to Plaintiff stating that "We will be sending those funds at the end of next week".

23.     On or about March 15, 2008 Defendant Duran sent another email to Plaintiff stating, in part, "We felt it is best for our clients and the timing of the funds closing, to be on our ending of our fiscal quarter, which is the end of March, at which time assets from the fund will be dispersed or converted to the currency fund."

24.     At or about March 31, 2008, and all times prior and thereafter,  Plaintiff never received the return of any funds from any of the defendants in this case.

25.     On or about April 11, 2008, Plaintiff received a letter from CAPITAL MANAGEMENT, a copy of which is attached hereto as **Exhibit "A"** (the "April 11, 2008 Letter") which states as its first sentence: "Trading losses have rendered New World Capital Currency Fund, LP and New World Capital Equity Fund LP **insolvent**."(emphasis added).

26.     The April 11, 2008 Letter also stated: "Also, we want to apologize for not speaking with you directly and ask that you forgive the fact that our first communication is this letter".

27.     At no time has  Plaintiff received any tax information relating to its partnership interests in the New World Hedge Funds.

28.     To date, Plaintiff has never received any accounting of his invested funds with

5

**DECLARATION OF THOMAS G. BUCKLEY, JR. – EX PARTE APPLICATION: TRO**
**Case No. 08CV 1042 JAH (JMA)**

the New World Hedge Funds other than a purported performance posting on hedgefund.net.

29.    The defendants in this case all failed to disclose in the March 7, 2008 email and in the March 15, 2008 email or in any other correspondence the purported losses and/or value of the New World Hedge Funds, and thereby induced the Plaintiff to not seek earlier redemption of its investments in the New World Hedge Funds.

30.    Unbeknownst to Plaintiff, and notwithstanding the five and three *year* historical performance information provided by, and for, each of the New World Hedge Funds, respectively (as described in Paras. 6 and 6 above), according to the records of the Delaware Secretary of State, the date of organization of defendant New World Capital Equity Fund was July 10, 2007, the date of organization of defendant New World Capital Currency Fund was September 19, 2007, and the date of organization of defendant New World Capital Management, LLC was July 31, 2007, all such dates being within five (5) *months* of Plaintiff's investment in the New World Hedge Funds.

31.    Based upon the deceptive and misleading information which Plaintiff was given by the defendants in this case which led the Plaintiff to make its investment, and the subsequent deception regarding rate of returns on the investment and the failure to provide any other communication, and the defendants claim of the insolvency of the New World Hedge Funds, it is my belief, and I fear, that Plaintiff will suffer great and irreparable injury if the Writ of Attachment Order and/or Temporary Protective Order is not issued before the matter can be heard on notice because there is a grave danger that any assets which remain and which is the property sought, will be concealed, substantially impaired in value, or made unavailable to levy by other than concealment, or impairment in value by the action of the defendants.

This Declaration is executed in San Diego, California on June 30, 2008, under the penalties of perjury.

Thomas G. Buckley, Jr.

6



**New World Capital Management, LLC**

April 11, 2008

Dear Investors,

Trading losses have rendered New World Capital Currency Fund L.P. and New World Capital Equity Fund LP. insolvent. No apology is adequate but we want you to know how profoundly sorry and deeply pained we are about this result. You entrusted your money to our investment strategy and it failed. Also, we want to apologize for not speaking with you directly and ask that you forgive the fact that our first communication is this letter. As you can imagine, recent events required our undivided attention.

The losses in the funds resulted from market conditions in certain currency pairs. Our investment strategy and strong belief in market direction collided with the volatility of the world economy and currency markets, leading to the funds' collapse. Managing the risks of such extraordinary events is always challenging. In hindsight, our investment strategy - like the strategies of many other funds - was insufficient.

Once again, let us tell you that there is no way to express how sorry we are for our lack of success for you. We are continuing our evaluation of the trading losses and intend to provide you with further information.

Sincerely,

New World Capital Management LLC

312 Read St.
Santa Fe, New
Mexico
87501
Tel: 505-989-3876
Fax: 505-995-
9930

1  LAW OFFICE OF ERIC I. MICHELMAN
   Eric I. Michelman, Bar No. 145017
2  2301 Dupont Drive, Suite 530
   Irvine, CA 92612
3  Telephone: (949) 553-1800
   Facsimile: (949) 553-1880
4  email: ericmichelman@lawfirmofbusiness.com

5  Attorney for Plaintiff
   A WALL STREET FUND I, LTD.,
6  a Florida limited partnership

7

8
                   **IN THE UNITED STATES DISTRICT COURT**
9
                **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
10

11

12  **A WALL STREET FUND I, LTD.,**          )    **Case No.   08 CV 1042 JAH (JMA)**
    a Florida limited partnership            )
13                                           )
                        Plaintiff,           )
14                                           )
                                             )
15      **vs.**                              )    **REQUEST FOR JUDICIAL NOTICE**
                                             )
16  **NEW WORLD CAPITAL CURRENCY**           )    **[FILED IN SUPPORT OF PLAINTIFF'S EX**
    **FUND, L.P.**, a Delaware limited partnership, )  **PARTE APPLICATION FOR TEMPORARY**
17  **NEW WORLD CAPITAL EQUITY FUND,**       )    **RESTRAINING ORDER AND OSC RE:**
    **L.P.**, a Delaware limited partnership,  )    **PRELIMINARY INJUNCTION]**
18  **NEW WORLD CAPITAL MANAGEMENT,**        )
    **LLC**, a Delaware limited liability     )
19  company, **GREGORY DURAN**, an individual**;** )
    and **DOES 1-10;**                       )
20                                           )
                        Defendants.          )    Judge: Hon. John A. Houston
21                                           )    Courtroom: 11
                                             )    Date:
22  _____ )

23

24

25        Plaintiff, A Wall Street Fund I, L.P., hereby requests that, with respect to its Ex Parte

26  Application for Temporary Restraining Order and OSC Re: Preliminary Injunction, this Court

27  take judicial notice of:

28             1.      Delaware Department of State: Division of Corporations - Entity Details (website

                                            1
─────────────────────────────────────────────────────
                   **REQUEST FOR JUDICIAL NOTICE**
                                              **Case No. 08CV 1042 JAH (JMA)**

page posted at https://sos-res.state.de.us/tin/GINameSearch.jsp) for **NEW WORLD CAPITAL CURRENCY FUND, L.P.**, a Delaware limited partnership, (website page posted at https://sos-res.state.de.us/tin/GINameSearch.jsp), a true and correct copy of which is attached hereto as **Exhibit "A"**;

2.      Delaware  Department of State: Division of Corporations - Entity Details for **NEW WORLD CAPITAL EQUITY FUND, L.P.**, a Delaware limited partnership, (website page posted at https://sos-res.state.de.us/tin/GINameSearch.jsp), a true and correct copy of which is attached hereto as **Exhibit "B"**;

3.      Delaware  Department of State: Division of Corporations - Entity Details for **NEW WORLD CAPITAL MANAGEMENT, LLC**, a Delaware limited liability company, (website page posted at https://sos-res.state.de.us/tin/GINameSearch.jsp), a true and correct copy of which is attached hereto as **Exhibit "C"**;

This request is based upon this Request For Judicial Notice, the above referenced documents, and on such further documents, memoranda and arguments as may be presented or filed at or before the hearing on the Plaintiff's Ex Parte Motion For Temporary Restraining Order and OSC re: Preliminary Injunction.

The Court is authorized to take judicial notice of these papers pursuant to Federal Rules of Evidence Code Section 201(b)(2) as these are from the records of the Delaware Department of State.

DATED: July 2, 2008                    Respectfully submitted,

**LAW OFFICE OF ERIC I. MICHELMAN**


s/Eric I. Michelman
Eric I. Michelman
Attorney for Plaintiff
A WALL STREET FUND I, LTD.

**REQUEST FOR JUDICIAL NOTICE**

**Case No. 08CV 1042 JAH (JMA)**





## State of Delaware
### The Official Website for the First State

Visit the Governor  |  General Assembly  |  Courts  |  Other Elected Officials  |  Federal, State & Local Sites

State Directory  |  Help  |  Search Delaware : [____] GO        Citizen Services  |  Business Services  |  Visitor Info.

**Department of State: Division of Corporations**

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status
Validate Certificate

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions    View Search Results

## Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | **4425539** | Incorporation Date / Formation Date: | **09/19/2007** (mm/dd/yyyy) |
| Entity Name: | **NEW WORLD CAPITAL CURRENCY FUND, LP** | | |
| Entity Kind: | **LIMITED PARTNERSHIP (LP)** | Entity Type: | **GENERAL** |
| Residency: | **DOMESTIC** | State: | **DE** |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | **CORPORATION SERVICE COMPANY** | | |
| Address: | **2711 CENTERVILLE ROAD SUITE 400** | | |
| City: | **WILMINGTON** | County: | **NEW CASTLE** |
| State: | **DE** | Postal Code: | **19808** |
| Phone: | **(302)636-5401** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like  ○ Status  ○ Status,Tax & History Information  [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

site map  |  about this site  |  contact us  |  translate  |  delaware.gov



## State of Delaware
### The Official Website for the First State

Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & Local Sites

State Directory | Help | Search Delaware : [____] GO          Citizen Services | Business Services | Visitor Info.

**Department of State: Division of Corporations**

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status
Validate Certificate

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions   View Search Results

---

## Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | 4386575 | Incorporation Date / Formation Date: | 07/10/2007 (mm/dd/yyyy) |
| Entity Name: | NEW WORLD CAPITAL EQUITY FUND, L.P. | | |
| Entity Kind: | LIMITED PARTNERSHIP (LP) | Entity Type: | GENERAL |
| Residency: | DOMESTIC | State: | DE |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | CORPORATION SERVICE COMPANY | | |
| Address: | 2711 CENTERVILLE ROAD SUITE 400 | | |
| City: | WILMINGTON | County: | NEW CASTLE |
| State: | DE | Postal Code: | 19808 |
| Phone: | (302)636-5401 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information  [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

---

site map | about this site | contact us | translate | delaware.gov





## State of Delaware
### The Official Website for the First State

Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & Local Sites

State Directory | Help | Search Delaware : [____] GO          Citizen Services | Business Services | Visitor Info.

**Department of State: Division of Corporations**

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status
Validate Certificate

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions   View Search Results

---

## Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | **4399430** | Incorporation Date / Formation Date: | **07/31/2007** (mm/dd/yyyy) |
| Entity Name: | **NEW WORLD CAPITAL MANAGEMENT, LLC** | | |
| Entity Kind: | **LIMITED LIABILITY COMPANY (LLC)** | Entity Type: | **GENERAL** |
| Residency: | **DOMESTIC** | State: | **DE** |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | **CORPORATION SERVICE COMPANY** | | |
| Address: | **2711 CENTERVILLE ROAD SUITE 400** | | |
| City: | **WILMINGTON** | County: | **NEW CASTLE** |
| State: | **DE** | Postal Code: | **19808** |
| Phone: | **(302)636-5401** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information  [ Submit ]

[ Back to Entity Search ]

To contact a Delaware Online Agent click here.

---

site map   |   about this site   |   contact us   |   translate   |   delaware.gov

1　LAW OFFICE OF ERIC I. MICHELMAN
　　Eric I. Michelman, Bar No. 145017
2　2301 Dupont Drive, Suite 530
　　Irvine, CA 92612
3　Telephone: (949) 553-1800
　　Facsimile: (949) 553-1880
4　email: ericmichelman@lawfirmofbusiness.com

5　Attorney for Plaintiff
　　A WALL STREET FUND I, LTD.,
6　a Florida limited partnership

7

8　　　　　　**IN THE UNITED STATES DISTRICT COURT**

9　　　　**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12　**A WALL STREET FUND I, LTD.,**　　)　**Case No.　08 CV 1042 JAH (JMA)**
　　a Florida limited partnership　　　　)
13　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　　　　　)
14　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
15　　　**vs.**　　　　　　　　　　　　　)　**DECLARATION OF ERIC I.**
　　　　　　　　　　　　　　　　　　　　)　**MICHELMAN PURSUANT TO**
16　**NEW WORLD CAPITAL CURRENCY**　)　**CivLR 83.3.h.2**
　　**FUND, L.P.**, a Delaware limited partnership,　)
17　**NEW WORLD CAPITAL EQUITY FUND,**　)　**[FILED IN SUPPORT OF PLAINTIFF'S EX**
　　**L.P.**, a Delaware limited partnership,　　)　**PARTE APPLICATION FOR TEMPORARY**
18　**NEW WORLD CAPITAL MANAGEMENT,**　)　**RESTRAINING ORDER AND OSC RE:**
　　**LLC**, a Delaware limited liability　　　)　**PRELIMINARY INJUNCTION]**
19　company, **GREGORY DURAN**, an individual**;**　)
　　and **DOES 1-10;**　　　　　　　　)
20　　　　　　　　　　　　　　　　　　　)　Judge: Hon. John A. Houston
　　　　　　　　　　Defendants.　　　　)　Courtroom: 11
21　　　　　　　　　　　　　　　　　　　)　Date:
　　　　　　　　　　　　　　　　　　　　)
22　_____)

23

24

25　　　　　I, Eric I. Michelman, hereby declare that:

26　1.　　　I am the attorney of record for the Plaintiff in this action, and execute and file this

27　Declaration pursuant to CivLR Section 83.3.h.2. in support of Plaintiff's Ex Parte

28　Application For Temporary Restraining Order and OSC Re: Preliminary Injunction.  If called

　　　　　　　　　　　　　　　　　　1

1  as a witness in this matter, I can competently and completely testify to the facts stated herein.

2  2.        Opposing Parties have not been notified of Plaintiff's Ex Parte Application for

3  Temporary Restraining Order and OSC Re: Preliminary Injunction, for two reasons:

4         (i) the defendants have only recently been served (June 17, 2008 and June 19, 2008,

5  respectively) and have not yet appeared in this action; and

6         (ii) Plaintiff should not be required to inform the defendants of the relief sought given

7  that the reason the Plaintiff seeks to obtain a Temporary Restraining Order at this early stage

8  of the litigation is that it is believed that the cause of  Plaintiff's loss of over $750,000 in this

9  case was the result of a fraud perpetrated upon the Plaintiff by the defendants all of whom

10 appear to be under the control of defendant Gregory Duran, who, if noticed, will have the

11 opportunity and incentive pending the outcome of the Application to  continue to perpetrate

12 fraud and deception upon the Plaintiff.

13        This Declaration is executed in Irvine, California on July 2, 2008, under the penalties of

14 perjury.

15

16                                   s/ Eric I. Michelman
                                    Eric I. Michelman
17                                   Attorney for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF ERIC I. MICHELMAN  – EX PARTE APPLICATION: TRO**

**Case No. 08CV 1042 JAH (JMA)**