LAW OFFICE OF ERIC I. MICHELMAN
Eric I. Michelman, Bar No. 145017
2301 Dupont Drive, Suite 530
Irvine, CA 92612
Telephone: (949) 553-1800
Facsimile: (949) 553-1880
email: ericmichelman@lawfirmofbusiness.com

Attorney for Plaintiff
A WALL STREET FUND I, LTD.,
a Florida limited partnership

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **A WALL STREET FUND I, LTD.,** a Florida limited partnership<br><br>Plaintiff,<br><br>vs.<br><br>**NEW WORLD CAPITAL CURRENCY FUND, L.P.**, a Delaware limited partnership, **NEW WORLD CAPITAL EQUITY FUND, L.P.**, a Delaware limited partnership, **NEW WORLD CAPITAL MANAGEMENT, LLC**, a Delaware limited liability company, **GREGORY DURAN**, an individual**;** and **DOES 1-10;**<br><br>Defendants. | Case No.   08 CV 1042 JAH (JMA)<br><br><br><br>**SUR-REPLY**<br>**RE: OSC PRELIMINARY**<br>**INJUNCTION;**<br><br><br><br>Judge: Hon. John A. Houston<br>Courtroom: 11<br>Date: |

Plaintiff A WALL STREET FUND I, LTD. hereby submits this Sur-Reply pursuant to leave of Court granted to Plaintiff during the hearing on Preliminary Injunction on Friday, July 11, 2008 with respect to Plaintiff's opposition to Defendant Duran's motion to dismiss for lack of personal jurisdiction contained in Defendant Duran's Opposition to the OSC Re: Preliminary Injunction, and to supplement Plaintiff's Reply with an offer of proof with

1

respect thereto.

## I. DEFENDANT DURAN'S MINIMUM CONTACTS.

The issue presented is whether Defendant Duran purposely availed himself of the jurisdiction of California, as a result of his "minimum contacts" with California arising from, or related to his actions with respect to the Plaintiff.

A. <u>Three Prong Test of Minimum Contacts</u>. To determine whether a defendant has such minimum contacts for purposes of limited personal jurisdiction, the 9th Circuit has establised a three-prong test in *Lake v. Lake*, 817 F.2d 1416 (9th Cir. 1987). *Scharzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 802 (9th Cir.2004). The test is as follows:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

The Plaintiff bears the burden of establishing the first two prongs of the test. The burden then shifts to the defendant to "present a ***compelling case***" that the exercise of jurisdiction would not be reasonable. <u>Id</u>. (emphasis added.)

B. <u>The First Prong: "Purposefully Directs"</u>. The first prong of the minimum contacts test is the determination of "purposefully avails" which is used in contract sounding actions, or "purposefully directs" which is used in tort sounding actions. <u>Id</u>. The instant case has causes of action sounding in both contract and tort.

A showing that a defendant "purposefully directed" his conduct toward a forum state, usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum. <u>Id</u>. at 803. The U.S. Supreme Court found purposeful direction where defendant published magazines in Ohio and circulated them in the forum state, New

Hampshire) *Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774-75, 79 L. Ed. 2d 790, 104 S. Ct. 1473 (1984)*; accord *Mattel, Inc. v. MCA Records, Inc., 296 F.3d 894, 899 (9th Cir. 2002)*.

   1. <u>The Calder Test Determintation of "Purposefully Directs"</u>. The 9th Circuit uses a second three part "effects" test to determine "purposeful direction" known as the Calder effects test. *Swarzenneger* at 803. This test, which may be satisfied with a single act, requires that the defendant "allegedly" have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. <u>Id.</u> citing *Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002)*.

   2. <u>Intentional Act</u>. "Intentional act" is interpreted to mean "an external manifestation of the actor's will". Examples of such intentional act is "the pulling of gun's trigger". It is the intent to perform an actual physical act, rather than an intent to accomplish a result or consequence of that act. <u>Id.</u> at 806.

   3. <u>Expressly Aim</u>. "Expressly aim" is determined by in part on the specfic type of tort at issue and requires analysis of the context of the intended act. <u>Id</u> at 807.

  The instant case is a fraudulent securities offering of limited partnership interests in the New World Hedge Funds as well as subsequent torts after having sold the "investment" to Plaintiff. In connection with the fraudulent offering, one of Defendant Duran's express and over acts was to induce Plaintiff by e-mail on November 30, 2007 to wire $750,000 into Defendant Duran's control. See **Exhibit "A"** to Plaintiff's Reply. There is no question that by this act of communicating by email that Defendant Duran purposefully directed and/or availed himself with one or more states. Plaintiff's e-mail response in **Exhibit "A"** clearly demonstrates that Defendant Duran was dealing with Plaintiff in San Diego, California, given Plaintiff's e-mail expressly stating a San Diego address and San Diego area code, phone number and fax number. More conclusive is the fact that after Plaintiff sent the November 30, 2007 **Exhibit "A"** email confirming the wiring of the $750,000, Defendant caused such funds to be received and accepted by the New World Hedge Funds and Defendant exercised dominion and control over such funds. The "admission forms"

3

**PLAINTIFF'S SUR-REPLY RE: O.S.C. RE: PRELIM. INJUNCTION**
**Case No. 08CV 1042 JAH (JMA)**

1 referenced in the Plaintiff's November 20, 2007 **Exhibit "A"** e-mail response also were sent
2 to Defendant Duran by Plaintiff.  On such forms, Plaintiff listed San Diego, California as its
3 place of business for all months excluding January and February.  See, Buckley Declaration
4 In Support of Sur Reply at Para. 5 and **Exhibit "2"** thereto.

5 Clearly, Defendant Duran's November 29, 2007 email was an intended act even if as
6 Duran argues, he did not know the exact location of the Plaintiff.  Defendant Duran's
7 blinders defense fails.  The email was aimed at Plaintiff where ever Plaintiff was located. It
8 was part of a scheme to obtain money from Plaintiff.  In *Panavision International L.P. v
9 Toeppen*, 141 F.3d 1316 (9th Cir. 1998), the Court sustained personal jurisdiction when the
10 defendant registered Panavision's name as an internet domain name as part of scheme to sell
11 the domain name to Panavision.  The Court found that even though Panavision did not pay
12 the defendant, the sending of a demand letter to Panavision in California was sufficient to
13 finding that the defendants acts were aimed at a California plaintiff, and caused it to suffer
14 injury there.

15 Here, Defendant Duran meekly argues it did not know Plaintiff's location at the time
16 that Plaintiff wired its funds to the Defendant, and appears to argue it was not a concern to
17 Duran (it also appears that Defendant Duran had very little concern for anything about
18 Plaintiff except obtaining its money, although Defendant Duran should have had such
19 concern at least for purposes of "blue sky" state securities registration compliance with the
20 California Department of Corporations).

21 Defendant Duran's subjective blinder's defense makes no sense.  It in essence creates
22 the twilight zone of always being able to defend personal jurisdiction by claiming there is no
23 personal jurisdictional consequence resulting from pulling the intentional act trigger.  While
24 Defendant Duran was at the critical stage of wrongfully procuring funds from Plaintiff, he
25 knew he sent an email with wiring instructions to Plaintiff.  The argument of claiming lack of
26 knowledge of the email's destination is the equivalent of arguing that there was no "express
27 aim" and therefore his actions were directed at no state.  Such result fails reality.

28

4

**PLAINTIFF'S SUR-REPLY  RE: O.S.C. RE: PRELIM. INJUNCTION**
**Case No. 08CV 1042 JAH (JMA)**

Contrary to Defendant's arguments, it is also illogical for Duran to claim that he knew Plaintiff was a limited partnership organized under Florida law, but that Duran did not know that Plaintiff was located in California. Other than searching every Secretary of State's records, the information of the state of organization of Plaintiff was only listed on (1) the admission papers at page 9 which also listed California at page 3 as the office location for the Plaintiff for April through December (Buckley Declaration In Support of Sur Reply at Para 5 and Exhibit "2" thereto) , and (2) the Complaint in this case.

**II. CONCLUSION.**

The *Calder* test is satisfied with respect to Defendant Duran's conduct in this case as it relates to the first prong,"purposefully direct" test, of the minimum contacts test.

The second prong is also satisfied. Plaintiff's claim for securities fraud and related torts and breaches arise out of Defendant's Duran of taking Plaintiff's money under false pretenses, i.e. a fictional performance track record, and taking Plaintiff's money for use other than investing in a equity securities, or disciplined approach to currency trading.

The burden now shifts to Defendant to explain why, after tricking Plaintiff out of its money in California, that Plaintiff should now be forced to seek its remedies in New Mexico. Contrary to Defendant's oral argument, the answer can not be because New Mexico also has a federal courthouse and federal judges, or that New Mexico is a wonderful and beautiful place.

Dated: July 2, 2008         LAW OFFICES OF ERIC I. MICHELMAN

                            s/Eric I. Michelman
                            _____
                            Eric I. Michelman
                                Attorney for Plaintiff
                                A WALL STREET FUND I, LTD.