Gregory Duran
623 Calle Grillo
Santa Fe, New Mexico 87505
Telephone 505-204-0760

Defendant Pro Se

NUNC PRO TUNC
JUL 11 2008

[ORIGINAL]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

A WALL STREET FUND I, LTD.,

      Plaintiffs,

v.

NEW WORLD CAPITAL CURRENCY FUND, L.P.
NEW WORLD CAPITAL EQUITY FUND, L.P.,
NEW WORLD CAPITAL MANAGEMENT, LLC,
GREGORY DURAN, and DOES 1-10,

      Defendants.

No. 08-cv-1042 JAH (JMA)

### DEFENDANT GREGORY DURAN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND OPPOSITION TO ORDER TO SHOW CAUSE

Defendant Gregory Duran, pursuant to the Court's Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction [Doc. No. 5], (1) moves for an Order dismissing him from this case on the ground that the Court does not have jurisdiction over his person, and, (2) opposes the Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction on the ground that it is over-broad. A memorandum and affidavit are submitted in support of the motion and opposition.

As grounds for dismissal, and, alternatively, for a limitation of the temporary restraining order and proposed preliminary injunction, Mr. Duran shows that the Court

1   does not have general or specific jurisdiction over his person.

2       Alternatively, the scope of the temporary restraining order and proposed
3   preliminary injunction are too broad. The scope is so broad that Mr. Duran is restrained
4   from "investing or trading any funds and investments" for his employer and for his own
5   account even though his trading activity for his employer and his own account have
6   nothing to do with Plaintiff or the capital that he alleges he invested with defendants New
7   World Capital Currency Fund, L.P. and New World Capital Equity Fund, L.P.

8       WHEREFORE, Mr. Duran urges the Court to dismiss him from the action, or,
9   alternatively, to limit the scope of the temporary restraining order and proposed
10   preliminary injunction to "investing or trading any funds and investments" that belong to
11   or are otherwise traceable to Plaintiff's money.

12                                 Respectfully submitted,

13
14                                 By: _____
15                                 Gregory Duran
16                                 Defendant Pro-Se
17                                 623 Calle Grillo
18                                 Santa Fe, NM 87505
19                                 505-204-0760
20
21

1. I hereby certify that a true copy
2. of the foregoing pleading was
3. mailed on _____ day of
4. July, 2008 to counsel of
5. record as follows
6.
7.     Eric I. Michelman
8.     Law Office of Eric I. Michelman
9.     2301 Dupont Dr, Suite 530
10.     Irvine, CA 92612
11.     Telephone: (949) 553-1800
12.     Facsimile: (949) 553-1880
13.     Email: ericmichelman@lawfirmofbusiness.com
14.
15.
16. Gregory Duran
17.

Gregory Duran
623 Calle Grillo
Santa Fe, New Mexico 87505
Telephone 505-204-0760

Defendant, Pro Se

FILED
2008 JUL 14 PM 3:42
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

NUNC PRO TUNC
JUL 11 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

A WALL STREET FUND I, LTD.,

    Plaintiffs,

vs.                                                                                       No. 08-cv-1042 JAH (JMA)

NEW WORLD CAPITAL CURRENCY FUND, L.P.
NEW WORLD CAPITAL EQUITY FUND, L.P.,                    ORIGINAL
NEW WORLD CAPITAL MANAGEMENT, LLC,
GREGORY DURAN, and DOES 1-10,

    Defendants.


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT GREGORY DURAN'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION
AND OPPOSITION TO ORDER TO SHOW CAUSE**

Defendant Gregory Duran (1) has moved for an Order dismissing him from this case on the ground that the Court does not have jurisdiction over his person and (2) opposes the Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction [Doc. No. 5]. This memorandum and accompanying affidavit are submitted in support of the motion and opposition.

## SUMMARY OF ARGUMENT

The district court does not have general jurisdiction over Mr. Duran's person. Mr. Duran is not domiciled in California and has not engaged in "continuous and systematic general business contacts" in California. Schwarznegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004). Nor does the court have specific jurisdiction over his person. Mr. Duran did not maintain a web site in his own behalf on the Internet. He did not act in California.

Alternatively, the scope of the temporary restraining order and proposed preliminary injunction are too broad. The scope is so broad that Mr. Duran is restrained from "investing or trading any funds and investments" for his employer and for his own account even though his trading activity for his employer and his own account have nothing to do with Plaintiff or the capital that he alleges he invested with defendants New World Capital Currency Fund, L.P. and New World Capital Equity Fund, L.P.

## STATEMENT OF FACTS

1. Mr. Duran is domiciled in the state of New Mexico. [DECLARATION OF GREGORY DURAN ¶ 2.]

2. New World Capital Currency Fund, L.P. and New World Capital Equity Fund, L.P. are Delaware limited partnerships. [Doc. No. 4-6, Doc. No. 4-7] The general partner of each limited partnership is New World Capital Management, LLC, a Delaware limited liability company. [Doc. No. 4-8]

3. HedgeFund.net is an Internet-based source for hedge fund news and

1 performance data on the World Wide Web. The website is a portal for gaining access to
2 the site's database of information about hedge funds and other investment products.
3 HedgeFund.net is owned and operated by Channel Capital Group, Inc., a Delaware
4 corporation. [DURAN DECL. ¶ 4.]

5     4.    Information about New World Capital Currency Fund, L.P. and New
6 World Capital Equity Fund, L.P. was posted on HedgeFund.net. [DECLARATION OF
7 THOMAS G. BUCKLEY, JR. **Doc. 4-3** ¶ 3.] Employees of the limited partnerships other than
8 Mr. Duran communicated the information to an employee of HedgeFund.net, who in turn
9 posted the information on HedgeFund.net's web site. [DURAN DECL. ¶ 5.] Mr. Duran did
10 not post the information on the web site. [DURAN DECL. ¶ 5.]

11     5.    All of the money Plaintiff invested with New World Capital Currency
12 Fund, L.P. and New World Capital Equity Fund, L.P. on November 30, 2007 was lost
13 through a series of failed currency hedging trades. [DURAN DECL. ¶ 6.]

14     6.    Mr. Duran does not have possession, custody, or control over any portion
15 of the money Plaintiff invested with New World Capital Currency Fund, L.P. and New
16 World Capital Equity Fund, L.P. [DURAN DECL. ¶ 7.]

17     7.    No family member, relative, agent, nominee, and no entity which is
18 directly or indirectly controlled by Mr. Duran or any family member, relative, agent,
19 nominee, has possession, custody, or control over any portion of the money Plaintiff
20 invested with New World Capital Currency Fund, L.P. and New World Capital Equity
21 Fund, L.P. [DURAN DECL. ¶ 8.]

22     8.    A restraint that prohibits Mr. Duran from "investing or trading any funds
23 and investments" for his employer and for his own account even though his trading

1  activity for his employer and his own account have nothing to do with Plaintiff or the
2  capital that he alleges he invested with defendants New World Capital Currency Fund,
3  L.P. and New World Capital Equity Fund, L.P., defeats his ability to earn income.
4  Consequently, the TRO and proposed preliminary injunction jeopardize his financial
5  solvency and impair his ability to pay his debts in the ordinary course. [DURAN DECL. ¶
6  9.]

7      9.    If the TRO were extended as a preliminary injunction, Mr. Duran would
8  not have the ability to meet his ordinary living expenses, to retain a lawyer to defend him,
9  and to make arrangements for payment of any damages in this action for which he might
10 be liable. [DURAN DECL. ¶ 10.]

## ARGUMENT

## I.

### THE DISTRICT COURT DOES NOT HAVE JURISDICTION OVER MR. DURAN'S PERSON

#### A. The Court Does Not Have General Personal Jurisdiction.

For general jurisdiction to exist over a nonresident defendant such as Mr. Duran, the defendant must engage in 'continuous and systematic general business contacts' that 'approximate physical presence' in the forum state." Schwarznegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (internal citations omitted). This is, as the Ninth Circuit has observed, "an exacting standard". Id. Mr. Duran has no contacts with California sufficient to meet this standard. The district court, therefore, does not have general jurisdiction over his person.

#### B. The Court Does Not Have Specific Personal Jurisdiction.

Mr. Duran's contacts with California arising from or related to New World

1   Capital Currency Fund, L.P. and New World Capital Equity Fund, L.P. actions in this
2   matter, and his contacts arising from or related to his own actions in this matter, are
3   insufficient to support the district court's exercise of personal jurisdiction over him.

4   Plaintiff alleges that he learned of New World Capital Currency Fund, L.P. and
5   New World Capital Equity Fund, L.P. "through Hedgefund.net, an internet based web
6   site". [**Doc. 4-3** ¶ 3.] For purposes of asserting personal jurisdiction over Mr. Duran, the
7   conduct of New World Capital Currency Fund, L.P. and New World Capital Equity
8   Fund, L.P., or their employees who acted in their behalf, cannot be imputed to Mr. Duran
9   himself. Employees of the limited partnerships *other than Mr. Duran* communicated the
10  information to an employee of HedgeFund.net, who in turn posted the information on
11  HedgeFund.net's web site. [DURAN DECL. ¶ 5.] Mr. Duran himself did not post the
12  information on the web site. [DURAN DECL. ¶ 5.]

13  The only contacts Plaintiff alleges he had directly with Mr. Duran are (1) a
14  telephone conversation in or about November 2007, [**Doc. 4-3** ¶ 9], (2) an unspecified
15  number of "subsequent telephone conversations and e-mails" with Mr. Duran "and other
16  personnel" during November 2007, [id. ¶ 10], (3) a January 2008 email from Mr. Duran,
17  [id. ¶ 19], (4) a March 7, 2008 email from Mr. Duran, [id. ¶ 22], and (5) a March 15,
18  2008 email from Mr. Duran, [id. ¶ 23]. One or two telephone conversations and three
19  emails from Mr. Duran are not sufficient to support the exercise of personal jurisdiction
20  over him.

21                                      II.

22              THE PROPOSED SCOPE OF THE PRELIMINARY
23              INJUNCTION IS OVER-BROAD AND SHOULD NOT
24              RESTRAIN MR. DURAN FROM TRADING OR
25              <u>INVESTING FOR HIS EMPLOYER OR FOR HIS OWN ACCOUNT</u>

The TRO was prepared by Plaintiff's counsel without any participation or knowledge by Mr. Duran and entered *ex parte*. The scope of Plaintiff's proposed preliminary injunction is identical to the TRO. Not surprisingly, since Mr. Duran was given no opportunity to comment on scope, the scope of the TRO and proposed preliminary injunction is too broad.

Plaintiff's ex parte application [**Doc. No. 4**, at 2] asserts that the application is necessary to prevent "irreparable harm before the matter can be heard on notice." The overly broad scope actually has the perverse effect of *increasing* Plaintiff's jeopardy. The TRO and proposed preliminary injunction restrain Mr. Duran from "investing or trading any funds and investments" for his employer and for his own account even though his trading activity for his employer and his own account have nothing to do with Plaintiff or the capital that he alleges he invested with defendants New World Capital Currency Fund, L.P. and New World Capital Equity Fund, L.P.

The terms of the TRO and proposed preliminary injunction should be revised to enjoin Mr. Duran against "investing or trading any funds and investments" that belong to or are otherwise traceable to Plaintiff's money. By permitting Mr. Duran to continue with his employment, and to trade for his own account, the revised preliminary injunction simultaneously avoids jeopardizing Plaintiff's interest *and* Mr. Duran's interests. Plaintiff has no legitimate interest in driving Mr. Duran into insolvency by preventing him from earning a living through third-party employment.

Subject to his personal jurisdiction defense, and expressly without waiving it, Mr. Duran would stipulate to entry of a preliminary injunction barring him from "investing or trading any funds and investments" that belong to or are otherwise traceable to Plaintiff's

1  - money.

2

3                              **CONCLUSION**

4      The district court does not have general or specific jurisdiction over Mr. Duran's

5  person. Consequently, the court should dismiss him from the action.

6      Alternatively, the court should limit the scope of the preliminary injunction to

7  "investing or trading any funds and investments" that belong to or are otherwise traceable

8  to Plaintiff's money.

9                                              Respectfully submitted,

10
11
12                                              Gregory Duran
13                                              Defendant Pro-Se
14                                              623 Calle Grillo
15                                              Santa Fe, NM 87505
16                                              505-204-0760
17
18  I hereby certify that a true copy
19  of the foregoing pleading was
20  mailed on ____9th____ day of
21  July, 2008 to counsel of
22  record as follows
23
24      2301 Dupont Dr, Suite 530
25      Irvine, CA 92612
26      Telephone: (949) 553-1800
27      Facsimile: (949) 553-1880
28      Email: ericmichelman@lawfirmofbusiness.com
29
30
31
32  Gregory Duran

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA



NUNC PRO TUNC
JUL 11 2008

A WALL STREET FUND I, L.P.

Plaintiffs,

vs.

NEW WORLD CAPITAL CURRENCY FUND, L.P.
NEW WORLD CAPITAL EQUITY FUND, L.P.,
NEW WORLD CAPITAL MANAGEMENT, LLC,
GREGORY DURAN, and DOES 1-10,

Defendants.

No. 08-cv-1042 J JMA

[ ORIGINAL ]

**DECLARATION OF GREGORY DURAN IN SUPPORT
OF MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT GREGORY DURAN'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION
AND OPPOSITION TO ORDER TO SHOW CAUSE**

Defendant Gregory Duran declares as follows:

1. My name is Gregory Duran. If called as a witness in this matter, I can competently testify to the facts stated in this declaration.

2. I have been domiciled in the state of New Mexico all my life.

3. New World Capital Currency Fund, L.P. and New World Capital Equity Fund, L.P. are Delaware limited partnerships. The general partner of each limited partnership is New World Capital Management, LLC, a Delaware limited liability company.

4. HedgeFund.net is an Internet-based source for hedge fund news and performance data on the World Wide Web. The website is a portal for gaining access to the site's database of information about hedge funds and other investment products.

According to its website, HedgeFund.net is owned and operated by Channel Capital Group, Inc. According to the website maintained by the state of Delaware, Channel Capital Group, Inc. is a Delaware corporation.

5. Information about New World Capital Currency Fund, L.P. and New World Capital Equity Fund, L.P. was posted on HedgeFund.net by employees of the limited partnerships other than me by communicating the information to an employee of HedgeFund.net, who in turn posted the information on HedgeFund.net's web site. I did not post the information on the web site.

6. All of the money Plaintiff invested with New World Capital Currency Fund, L.P. and New World Capital Equity Fund, L.P. on November 30, 2007 was lost through a series of failed currency hedging trades.

7. I do not have possession, custody, or control over any portion of the money Plaintiff invested with New World Capital Currency Fund, L.P. and New World Capital Equity Fund, L.P.

8. No family member, relative, agent, or nominee of mine, and no entity which is directly or indirectly controlled by me or by any of my family members, relatives, agents, or nominees, have possession, custody, or control over any portion of the money Plaintiff invested with New World Capital Currency Fund, L.P. and New World Capital Equity Fund, L.P.

9. A restraint that prohibits me from "investing or trading any funds and investments" for my employer and for my own account even though my trading activity for my employer and my own account have nothing to do with Plaintiff or the capital that he invested with New World Capital Currency Fund, L.P. and New World Capital Equity

2

Fund, L.P., will defeat my ability to earn income. Consequently, such a restraint would jeopardize my financial solvency and impair my ability to pay my debts in the ordinary course.

10. If the temporary restraining order that has been entered in this action were extended as a preliminary injunction, I would not have the ability to meet my ordinary living expenses or to retain a lawyer to defend me or to make arrangements for payment of any damages in this action for which I might be liable.

This Declaration is executed in Santa Fe, New Mexico on July 9th, 2008 under penalty of perjury.

Gregory Duran