NUNC PRO TUNC
JUL 15 2008

FILED
08 JUL 17 PM 1:36
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

Vogel Campbell & Blueher, P.C.
Clinton W. Marrs
6100 Uptown Blvd, NE, Suite 500
Albuquerque, NM 87110-4143
Telephone: (505) 884-8444
Facsimile: (505) 875-9021
Email: clinton@vogelcampbell.com

Attorneys for Defendant Gregory Duran

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

A WALL STREET FUND I, LTD.,            )
                                        )
           Plaintiffs,                  )
                                        )
                                        )   No. 08-cv-1042 JAH (JMA)
v.                                      )
NEW WORLD CAPITAL CURRENCY FUND, L.P.)
NEW WORLD CAPITAL EQUITY FUND, L.P.,   )
NEW WORLD CAPITAL MANAGEMENT, LLC,     )
GREGORY DURAN, and DOES 1-10,          )
                                        )
           Defendants.                  )
_____)

**DEFENDANT GREGORY DURAN'S REPLY IN SUPPORT
OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Gregory Duran, pursuant to the Court's Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction [**Doc. No. 5**], moved for an Order dismissing him from this case on the ground that the Court does not have jurisdiction over his person and opposed Plaintiff's request for a preliminary injunction. Plaintiff opposed Mr. Duran's jurisdictional motion on July 10, 2008. At the hearing on July 11, 2008, the Court gave Mr. Duran until July 14 to reply to Plaintiff's opposition. This reply is limited to Mr. Duran's jurisdictional motion.

I.

## MR. DURAN DID NOT PURPOSEFULLY AVAIL HIMSELF OF THE PRIVILEGES OF THE FORUM OF CALIFORNIA

Plaintiff bears the burden of demonstrating that the district court has personal jurisdiction over Mr. Duran. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). To carry this burden, Plaintiff must make a prima facie showing of satisfying the first two prongs of the Ninth Circuit's three-pronged test for whether a non-resident defendant's contacts with California are sufficient to pass muster under International Shoe Co. v. Washington, 326 U.S. 310, 315 (1945) "minimum contacts" due process standard. See, e.g., Pebble Beach, 453 F.3d at 1155. Plaintiff's lack of proof fails to clear the first of these prongs—namely, whether Mr. Duran "performed some act or consummated some transaction within [California] or otherwise purposefully availed himself of the privileges of conducting activities [in California]." Id.

Using passive language that obscures the identity of the actor, Plaintiff alleges "fraudulent 5 and 3 year track record" information was communicated "through the Internet". [REPLY RE: OSC RE PRELIMINARY INJUNCTION at 3.] Plaintiff does not proffer any evidence that Mr. Duran himself posted the information. Moreover, the Ninth Circuit held in Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414 (9th Cir. 1997), a "website advertiser" who registers a domain name and posts "an essentially passive website," but who does nothing else "to encourage residents of the forum state," does not purposefully avail himself of the benefits and burdens of the forum state. Accord Panavision International, L.P. v. Toeppen, 141 F.3d 1316 (9th Cir. 1998) (a trademark infringement case, in which the circuit court stated, "We agree that simply registering someone else's

1 trademark as a domain name and posting a web site on the Internet is not sufficient to
2 subject a party domiciled in one state to jurisdiction in another.")

3    Plaintiff has not proffered any other evidence—still less, any *prima facie*
4 evidence—that *Mr. Duran* purposefully availed himself of the privileges of doing
5 business in the forum of California. Not only has Plaintiff proffered no evidence that Mr.
6 Duran himself posted an interactive website, but Plaintiff also has not proffered any
7 evidence that the Hedgefund.net website was anything other than an "essentially passive
8 website".

9    Plaintiff—a Florida limited partnership—alleges that it acted through Mr.
10 Buckley, its general partner. Plaintiff's sparse record shows that Mr. Buckley
11 communicated with Mr. Duran on a handful of occasions by telephone and email. As
12 sparse as it is, the record shows that Mr. Buckley used a Boca Raton address [see the
13 December 27, 2007 email from Mr. Buckley shown on Exhibit B accompanying
14 Plaintiff's Reply re: OSC re Preliminary Injunction] as well as a San Diego address.
15 Simply stated, there is no evidence that Mr. Buckley was in California when Mr. Duran
16 communicated with him. Given the mobility of wireless communications today, Mr.
17 Buckley could have been in on the ground in Boca Raton, Florida, in the air 30,000 feet
18 over North Dakota, or on the ground in San Diego when he and Mr. Duran
19 communicated by email or telephone.

20    Absent this prima facie showing, Plaintiff has not shown that Mr. Duran has
21 either (1) "purposefully availed" himself of the privilege of conducting activities in
22 California or (2) "purposefully directed" his activities toward California. Schwarzenegger
23 v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2006); Pebble Beach, 453 F.3d at

1155-56. Plaintiff has failed to make a prima facie showing of any activity that took place *in California*, as opposed to in New Mexico, in Florida, or in the skies above North Dakota. Likewise, since Plaintiff has failed to proffer any evidence of who posted information on Hedgefund.net's website or whether the website is "passive" or "interactive," it has failed to make a prima facie showing that Mr. Duran himself "purposefully directed" his actions toward California.

WHEREFORE, Mr. Duran urges the Court to dismiss him from the action on the ground that the Court does not have jurisdiction over his person.

Respectfully submitted,

VOGEL CAMPBELL & BLUEHER, P.C.

By: /s Clinton W. Marrs
     Clinton W. Marrs
     Attorneys for Defendant Greg Duran
     6100 Uptown Blvd. NE, Suite 500
     Albuquerque, NM 87110
     Telephone: (505) 884-8444

I hereby certify that a true copy of the foregoing paper was faxed and emailed on ____ day of July, 2008 to counsel of record as follows

Eric I. Michelman
Law Office of Eric I. Michelman
2301 Dupont Dr, Suite 530
Irvine, CA 92612
Telephone: (949) 553-1800
Facsimile: (949) 553-1880
Email: ericmichelman@lawfirmofbusiness.com

/s/ CLINTON MARRS