1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10  A WALL STREET FUND I, LTD., a          )   Civil No.08cv1042 JAH (JMA)
    Florida limited partnership,           )
11                                         )   **ORDER FOR PRELIMINARY**
                          Plaintiff,       )   **INJUNCTION**
12  v.                                     )
                                           )
13  NEW WORLD CAPITAL CURRENCY             )
    FUND, L.P., a Delaware limited         )
14  partnership, et. al.,                  )
                                           )
15                        Defendants.      )
    ───────────────────────────────       )
16

17          Plaintiff filed an *ex parte* motion for temporary restraining order on July 3, 2008.

18  The Court granted the motion and set the order to show cause hearing for July 11, 2008.

19  Defendant Duran filed a motion to dismiss and a response to the order to show cause on

20  the preliminary injunction *nunc pro tunc* to July 11, 2008.[1]  Plaintiff filed a reply in support

21  of the preliminary injunction, which included argument opposing Defendant's motion to

22  dismiss on July 10, 2008.

23          A hearing was held on July 11, 2008.  Eric Michelman appeared on behalf of

24  Plaintiff.  Defendant Duran appeared with counsel Clinton Marrs.  No other Defendants

25  appeared or otherwise responded to the motion.  After hearing oral argument and

26

27  ────────────────────
        [1]Defendant was directed to file a response on or before July 9, 2008.  Although the Court did not
28  receive the document until July 11, 2008, Defendant indicated he sent the response via overnight delivery
    to the Clerk's office.  Additionally, Plaintiff's reply which responds to the arguments in Defendant's motion
    indicates the document was served on July 9, 2008 as directed.

                                                                                    08cv1042

providing the parties until July 14, 2008 to file additional briefing on the pending issues. Plaintiff filed a surreply and Defendant lodged his reply on July 14, 2008. The Court has issued an order denying Defendant Duran's motion to dismiss upon finding its assertion of personal jurisdiction over Defendant is proper.

Defendant Duran claims the relief ordered in the temporary restraining order and presumptively in any resulting preliminary injunction is overbroad because it precludes Defendant from trading in the course of and for the benefit of his employer, and for trading on his own accounts, particularly where the funds allegedly dissipated cannot be traced to any other fund or activity managed or traded by Duran.

Plaintiff maintains the scope of the proposed injunction will maintain the status quo and prevent losses to its funds if any remain. Plaintiff argues it is not presently known where the $750,000 it invested is located and there is no way to determine if the funds Defendant wishes to trade for his personal account or on behalf of his employer are funds traceable to Plaintiff. Plaintiff asserts allowing Duran to engage in any transactions will make tracing of the funds more complex or allow the funds to land in the hands of a bona fide purchaser. Plaintiff seeks issuance of the injunction without modification.

After careful consideration of the memoranda, declarations, relevant exhibits, and oral argument of counsel at the hearing, the Court finds serious questions going to the merits of Plaintiff's cause of action exist and the balance of hardships tip sharply in Plaintiff's favor. The Court further finds Defendants' claim of insolvency may prevent Plaintiff from collecting on a money judgment which creates a threat of irreparable injury. However, the Court finds good cause has been demonstrated to permit Defendant to continue to engage in the duties required by his current employment relationship and the restraints set forth in the temporary restraining order will be modified accordingly, in this preliminary injunction.

Accordingly, IT IS HEREBY ORDERED Defendants, their agents, partners, managers, employees, assignees, successors, representatives, attorneys and all persons and entities acting under, or in concert with, or on behalf of any defendant, or subject to the

direct or indirect control of all or any of defendant are hereby restrained and enjoined from taking any of the following action:

(I) investing or trading any funds and investments including, but not limited to, cash, securities, bonds, notes, commodities, derivatives, exchange traded funds, real estate and currency, except for selling such investments solely for U.S. Dollars; (ii) employing or contracting with Gregory Duran, or making any payments to or on behalf of (a) Gregory Duran, or (b) any relative of Gregory Duran, or (c) any entity which is directly or indirectly controlled by, Gregory Duran, except that Defendant Gregory Duran may conduct trades and related affairs in the course of his current employment relationship for the benefit of his current employer, and may receive income or income related payments consistent with his current employment relationship; and (iii) dissipating, and alienating any funds or investments in any manner, including transferring any funds and investments beyond the jurisdiction of this Court.

IT IS FURTHER ORDERED that Plaintiff shall post a security in the amount of $50,000 pursuant to Federal Rule of Civil Procedure 65(c) or provide notice of posting the security as previously directed by this Court on or before **July 21, 2008**.

DATED:  July 18, 2008

JOHN A. HOUSTON
United States District Judge